HemphiIjIi, Oh. J.
Tiie first question presented on the assignment is whether I lie motion to reject tiie plea in reeonvention should have been sustained. Tiie inquiry is one of no little difficulty, and, from the want of authorities in onr former system of jurisprudence, cannot he thoroughly investigated.
Tiie act of 1849, (Dig., p. 222.) allowing discounts and set-offs, attempts to confer and regulate tiie right of the defendant when sued for a debt clue by judgment, bond, bill, or otherwise, “to make all the discounts he can against such debts.” The second section requires tiie defendant to state particularly tiie nature and terms of such payment or set-off, or that it shall be plainly and particularly described ; and tiie fifth declares that if the suit be brought for uncertain or unliquidated damages founded on a tort or breach of covenant, the defendant shall not set off or discount any debt due him by the plaintiff; and if the suit! be founded on a certain demand the defendant shall not be permitted to set off uncertain or unliquidated, damages.
There is no distinct or specific description of the nature, origin, or character of the demands which may be offered in discount. It is not stated whether they shall be mutual debts only, or whether they may be mutual credits, or whether they shall arise on bond, bill, account; bargain, or otherwise. The defendant, is authorized to make all the discounts lie can against the demand, and liquidated and unliquidated damages are prohibited from being set off against eaeli other.
But the provision of the statute whieh requires our special attention in reference to the point under examination is found in the fourth section. This section, after proscribing the judgment which shall bo rendered in the event that tiie demand of the plaintiff shall he reduced by tiie discount of the defendant to a sum below tiie jurisdiction of tiie court, or when the set-off may exceed the claim of the plaintiff, or when his claim shall be reduced by payment, proceeds as follows: “When tiie defendant may have a claim against the plaintiff similar in its nature (but thev need not be of the same degree) to that of the *207 plaintiff, lie shall he permitted to file'in his answer a plea oi reconvontion sot-ting forth the amount doe him, and judgment shall he given in favor of that party who may establish the largest claim for the excess of his claim over that of his opponent, and for costs.” What may have been the exact scope and specific intention of (lie Legislature in (.his provision is matter of doubt. “Claims similar in their nature ” is a very comprehensive phrase, and would embrace all demands and credits, liquidated or unliquidated; lint what is Die import oE the qualification that they "need not be of the same degree? ” Can this apply to damages arising from’ tort, breach of covenant, &c. ? Is there any difference in the degrees of'snch damages? The common law recognizes, for various purposes, a distinction between debts on simple contracts and those by specialty or mortgage. But was that the distinction intended to be noticed by the provision? Was the design to declare that whether the claim be founded on note, or bond, or mortgage, or judgment, yet the defendant may plead it in rcconvention ?
This could certainly not have been tiie intention of tiie provision. ■ In a preceding section the defendant had been authorized to make all tiie discounts he could. This, in a suit on a note, would permit set-offs founded not only upon notes but on bonds or mortgages; and to further enact that such set-offs might be. pleaded in roconvenlioñ would bo superfluous and nugatory. Something further and distinct from previous provisions must have been intended.
The system of Spanish jurisprudence ivas about being abrogated and the common law, except pleading, was on tiie point of being introduced. A plea known to the, former system, having defined objects and limits, was retained by name; and we are justified in recurring to that system to ascertain its extent, its legitimate object, and the matters "which might be therein alleged. Tiie pica of compensation iu civil or Spanish law is in a great measure "equivalent to discount under the statute, if it be admitted that discounts are restricted to mutual liquidated debts. But reconvcntiou ivas more extensive; the demand set forth in such plea need not be liquidated. Under the code of practice in Louisiana it is essential only that the demand be necessarily connected with and incident to the main action. The damages must arise out of the same transaction which affords the grounds of suit. (7 N. S., 517; 6 Id., 71; 10 La. R.) Under the laws of Spain matters might be set up iu reconyention winch are not within its scope as defined in the code of practice.
But for tiie purposes of this suit it will not be necessary to consider the plea as having a wider range than is allowed in the Louisiana system of procedure. Under that code, as previously remarked, the plea embraced such demands as though different from the main action was necessarily connected with and incident to tiie same. Now, may not tiie plea under tiie statute be intended to embrace suoli matters as are comprehended in the above description ? This may not be tiie literal or most obvious construction of tiie provision, but the literal signification is preposterous. That would provide for wiiat had already under the name of discount been secured to tiie defendant. It would make set-off and rcconvention identical. We must presume that the law intended some benefit for the defendant, something distinct and additional to set-off or compensation. Otherwise the provision is without meaning and an excrescence on the law. But the distinction between compensation and reconvontion was well known to tiie framers of this law. Many of (.lie members of that Legislature hud been accustomed to plead both in compensation and reconvention ; and though the phraseology is lamentably deficient iu precision, yet if any weight be given to the act, it must be intended to comprehend such matters as had up to that instant been recognized as the legitimate subjects of tiie plea.
We must recollect that the plea in reconvontion was intended to effect some purpose beyond that of set-off. They had been distinct in the system we were abandoning. The plea of reconvention was unknown to this common law, but was introduced iu the same statute with that of discount, and surely not to effect the purposes which are the legitimate objects of set-off. Itecon- *208 vention being then allowed for a purpose beyond that of discount, (if there were any objects in view,) why should it not be applied to the purposes which it effected in the system from which it was derived? Why should not now, as well as before the introduction of the common law, all matters necessarily connected with and incident to the main cause of action be pleaded and adjudicated in one controversy?
But, waiving the statute, it seems to me that on principle and under our liberal system of procedure tine matter stated in the plea might be set up and determined in the same suit with the principal demand. The common-law .pleading, as a system, ms not introduced and has not been recognized in practice. We have no forms of action. The plaintiff, whether his demand be in assumpsit, covenant, or trespass, &c., is required to make a full statement of his cause of action, and the defendant of his grounds of defense. Under systems where causes of action must be prosecuted in a particular form it might be improper to permit the defendant to set up matters which could be brought alone to adjudication in a different form of action. But where fornjs are not recognized there can he no objection to a defense which, under some foreign system of pleading, might require a form of action distinct from the one prosecuted by the plaintiff, at least where the matters in defense are connected with or grow out of the same cause of action or transaction and subject-matter in dispute.
Tiie objection that a multiplicity of issues may be found so as to distract the jury has some but not controlling force. The judge is authorized to make up issues arising on the pleadings and submit them for the determination of the jury.
Causes at equity as well as at common law are triable bj juries; and it is not possible under such a system -to arrive always at a simple issue, or to some one specific point affirmed on the one side and denied on the other.
There is no doubt that as a rule of practice matters foreign to each other, presenting various and distinct issues, should not bo introduced to perplex and distract the-attention of tire jury. But this does not hold as to matters originating from the same transaction. If these cannot be adjusted by juries in one controversy, then the system of jury trial, extending as it does over the whole field of common law and equity, must be pronounced a failure. In fact in ordinary discounts of even liquidated demands, if there be various items, several issues maybe presented as difficult of determination as the issue presented by the facts in this answer.
But is the plea in this case more obnoxious to the objection of multiplying issues and distracting the attention of the jury than the issues frequently presented at common law? In an action for work and labor done or goods sold the defendant may prove, under the general issue, in reduction of the claim, that the work was improperly done or that the goods were not so good as warranted. (7 East. R., 470; 1 Camp. R., 38; Id., 100.) Under the plea, for instance, of non assumpsit, the defendant can introduce any evidence to show that at the commencement of the action the plaintiff was not entitled to recover. “ If the plaintiff’s demand he compounded of skill and materials and he has greatly misconducted himself, as where an apothecary, giving medicine on his own judgment and not under the direction of a physiciau. appears to have been grossly negligent or ignorant, this fact furnishes a defense on the general ’issue.” (Peake Ev., 248.) If a physician sue for his services, evidence may be given under the general issue that he has treated the plaintiff imskillfuily; or, if a carpenter sub for his work, it may be shown that it was done badly; or if an action be brought on an attorney’s bill, evidence may be given to show that from the want of skill or negligence of tne plaintiff' the defendant has derived no benefit from his services. (1 Cnifc. Pi., 509, and oases cited ; Sedg. on Dam., ch. 17; Barb, on Set-Off", 20.) If suit be brought for the purchase of a slave or horse yon may show that the property was not as warranted but partially or wholly unsound, or that there was none or a defective title. See 4 Serg. *209 & B., 250. Iu that? case it was held that in an action to recover compensation for services as a housekeeper, and for goods sold anil delivered, evidence that tlie plaintiff was guilty of malfeasance and had embezzle.! the goods of the defendant was not admissible by way of set-off hut might he received under the jilea of non assumpsit to defeat the action. Tlie distinction sounds strangely. At all events it has no application to our system of procedure; for under this tiie same matters may he given iu evidence to sustain the defense, but they must be specially pleaded whether the plea be called by the name of reconvention or by any other designation.. This was the title of the plea of such defense before tiie introduction of the common law. It is so styled in Louisiana, and there is no reason why tlie name should be changed. All these claims in defense are for unliquidated damages, hut the;'' arise out of the transaction or demand which is the cause of action. They constitute of themselves canse for an action against the plaintiff; but although the defeudant might sue iu a separate action, and although the damages suffered are unliquidated, ;ret they may be offered and will he sustained as valid defenses to the action of tlie plaintiff. It is obvious, then, that in the nature of things there is no impossibility or even repug-nancy in juries adjudging upon the liquidated claim of tlie plaintiff and tiie unliquidated damages of tlie defendant iu tiie same controversy when they arise out of the same transaction or are incidental to the same subject-matter. "When they grow out of distinct transactions there would be an obvious impropriety in permitting a certain demand to be delayed and incumbered by a jilea for unliquidated'damages, which might be incapable of determination until after protracted litigation.
Is there any more difficulty iu determining whether the plaintiff lias acted wrongfully iu issuing out this attachment than there is in deciding on the skill of a physician, mechanic, or attorney? Hone whatever, and no objection lo the plea can he sustained on that ground. In Egcvy et al v. Power, decided at Galveston, 1851, it was held that to permit tlie defendant to reconvene so as to obtain in one action, an adjudication of tlie respective claims of tlie parties in respect of the same subject-matter, was convenient in practice and consonant with our system of pleading, and that lie ought not to be compelled to resort to another suit to obtain an adjudication of his rights. Upon the whole we conclude that tiie defeudant tnay plead in reconvention, by whatever name tlie plea may be called in his defense aud for redress, all matters necessarily connected with the main action and incident to the same.
Tiie question, then, arises whether tiie damages claimed for tlie wrongful suing out of an attachment are necessarily connected with and incident to tlie main action. We are of opinion that this must be answered in tiie affirmative. They originate in a proceeding of the plaintiff founded on the same demand, and can properly bo adjudged and determined with the demand itself. In Boyd v. Warfield (6 Mart. N. S., 671) it was held that damages claimed as’ growing out of proceedings originating in the same demand may he the object of reconvention, and in that case a jilea for damages suffered by tlie owner through an attachment issued by the overseer of his plantation for the same canse of action was sustained. In Offatt v. Edwards (9 Roh. R., 90) damages were claimed by the defendant for the oppressive and vexatious suing out of the writ of attachment in the case and awarded by tlie jury. In Abbott v. Holmes (S N. S. R., 145) it was held that a party imprisoned and sued to make a surrender of his goods may reconvene in damages for the wrongful imprisonment.
There was no error in overruling the motion of tlie plaintiff to reject tlie jilea of the defendant aud in the admission of evidence to sustain the allegations.
Tlie objection to the evidence of tlie witnesses on the part of the defendant cannot be sustained. Tiie plaintiff introduced evidence to establish the grounds on which the attachment was based, viz, that the defendant was secreting himself so that the ordinary process of the law could not be served. Tlie evidence of the defeudant was of a rebutting character, ivas explanatory *210 of his absence from the county, and was pertinent to the matters at issue on his plea. Tiie remedy by attachment is harsh and severe. All persons are protected by the Constitution from unreasonable seizures of their property, and no one can be deprived of its secure possession and enjoyment unless by the due course of the law of the land. It is at the peril of tiie plaintiff if a seizure he wrongfully made. He must swear positively to the. facts which are the foundation of the proceeding, and lie must have sueli knowledge as will justify his oath. It was not necessary that the defendant should show that he communicated his intention to visit his son-in-law to the plaintiff. It is sufficient if it were known in his neighborhood and could be ascertained on inquiry.
Note 74.—Hammond v. Belcher, 10 T., 271; Castro v. Gentilev, 11 T., 28; Carlin v. Hudson, 12 T., 202; Peiser v. Cushman, 13 T., 390; Sterrett v. Houston, 14 T., 153; Castro v. Whitlock, 15 T., 437; Brady v. Price,19 T., 285; Carothers v. Thorpe, 21 T., 358; Punchard v. Taylor, 23 T., 424; Duncan v. Magette, 25 T , 245; Hamilton v. Van Hook, 27 T., 302; Culbertson v. Cabeen, 29 T., 247; Brown v. Tyler, 34 T., 168; Coleman v. Bunce, 37 T., 171; Osborn v. Schiffer, 37 T., 434; Beckham v. Hunter, 37 T., 551; Munnerlyn v. Alexander, 38 T., 125.
It is assigned for error that tiie damages are excessive.
The amount of damages that may he awarded depends in a great measure upon the motives of the plaintiff. If these be malicious, if there were no probable cause for the proceeding, and it was instituted to vex ami harass the defendant, the damages should be exemplary; hut if the motive were an honest desire to secure the payment of a just debt, though there be no sufficient legal canse for tiie attachment, tiie damages really sustained should be tiie measure of redress. (Offatt v. Edwards, 9 Rob. R., 90.) The jury must determine upon the evidence as to the motives of the plaintiff and the amount of damages.
They awarded in this case about two hundred dollars. The jury had a knowledge of the parties and of the witnesses, and we cannot upon the evidence say that their verdict exceeds the just mensuro of redress. The defendant was absent from home, on a temporary visit to his son-in-law, and daring his absence, on pretense that he was secreting himself, his premises were entered and his negroes forcibly seized and carried away, to I lie disturbance of his family, tiie detriment of his interests, to tiie loss of their services and their expenses for boarding, &c. These matters were before the jury, and were proper for their consideration, and we see no sufficient reason to disturb their verdict. It is ordered, adjudged, and decreed that the judgment be affirmed.
Judgment affirmed.