## S. W. PUNCHARD v. TAYLOR, HADDEN & CO.

Damages occasioned by a wrongful judicial attachment, may be pleaded in reconvention.

Such attachment does not issue, of course, upon the return of "*non est inventus.*" This only entitles the plaintiff to sue out the writ.

The allegations, in a plea of reconvention, that the writ was returned " not found," at the instance of the plaintiffs, that they might obtain the attachment, when personal service might have been had ; that the attachment was wrongfully and maliciously sued out; and setting forth special damages occasioned by it, are sufficient.

One of several defendants, may plead in reconvention, such damage as he has sustained by a wrongful judicial attachment.

That the officer is responsible, does not relieve the plaintiffs from the consequence of their unlawful act.

ERROR from Fayette. Tried below before the Hon. James H. Bell.

This was a suit by the defendants in error, against the plaintiff in error, and Micajah Clark, on a promissory note, executed to them, by the said Clark & Punchard, as partners. Citations were issued to both defendants, on the 14th of March, 1856, returnable to the next term of the District Court of Fayette county. The citation to Clark was served on the same day, and that to Punchard was returned by the sheriff, on the 22d of the month, "not to be found in my county;" and on the same day, a judicial attachment was issued against Punchard, and returned by the sheriff as executed, on the same day, by a levy upon his property.

The record did not show upon what day of the month the District Court commenced its sessions ; but on the 28th of March, the defendant, Clark, answered the plaintiffs' petition by a general exception, and a general denial; and the plaintiff in error, Punchard, on the same day, filed a motion, to quash the attachment and the proceedings had thereon. On the 31st of same month, this motion was sustained by the court, and the case ordered to be continued.

At the next term of the court, service having been made upon

Punchard, he answered by a general exception, and a plea of reconvention for the damages sustained by the wrongful suing out of the said attachment, alleging in his said plea, and subsequent amendments pleaded, that the said citation issued to him, might have been served by the sheriff on the 22d of March, 1856, (the day of its return,) and on several occasions before and after that time; but that the said writ was returned before the return day, by the express direction and instruction of the defendants in error, for the express purpose and intent of wrongfully, vexatiously, and maliciously, suing out, and levying the said attachment on his property. The plea set forth, with much particularity, the special damage which it was alleged he had sustained, by reason of the suing out and levy of said attachment, for which, as well as general damages, he prayed judgment.

Exceptions of the defendants in error to this plea, were sustained by the court; a jury was waived, and judgment confessed by the defendants below, and rendered accordingly for the amount claimed. From this judgment, the defendant, Punchard, sued out this writ of error.

*Webb, Munger & Cook*, for the plaintiff in error.

*Harcourt & Robson*, for the defendants in error—1. There is no error in the ruling of the court, in sustaining the exceptions to the plea of reconvention. There can be no ground for basing a plea of reconvention for damages, in a case like the present, because it is the disinterested act of the officer, in making his return of "not to be found," that authorizes the issuing of a judicial attachment. The object of the writ is simply to compel the defendant to appear and plead. It is a substitute for personal service. (Gray v. Smith, 17 Texas Rep. 390.) There can be no malice; and the writ cannot wrongfully issue, unless the sheriff violate his duty, by making a false return. If he do violate his duty, in this respect, the defendant has his remedy against a bonded officer. After the

sheriff has made diligent efforts to obtain personal service, and has "*seen enough*" to warrant him in returning, under oath, that the defendant is "not to be found;" is it not consistent with the law, reason, and justice, that he should so return the writ, in order that the defendant may not successfully trifle with the process of the law. If he must wait until the first day of court, then nothing is gained by the writ, as the defendant would not be compelled to plead, until the next term of court. (Gray v. Smith, 17 Texas Rep. 389.)

2. But conceding, for the argument, that the defendant may plead in reconvention for damages, in such case, yet we contend that the exception, in this case, was properly sustained, because there was no valid attachment; no such seizure of the defendant's property, as would render the sheriff liable for damages; and this was alleged and insisted on by the defendant in his pleadings. "There can be no doubt that an officer, in attaching personalty, must actually reduce it to possession." (*Drake on Attachments*, § 249; Hemmenway v. Wheeler, 14 Pick. 408; 5 Mass. 157; 8 Pick. 402; 12 Vermont, 233; Hart. Dig. 28; Portis v. Parker, 8 Texas Rep. 23.) If the sheriff did not render himself liable for the trespass, then, we contend, there can be no claim for damages predicated upon such defective levy.

3. Upon another ground, we think it very clear that the exception was properly sustained. The suit was against Clark & Punchard, upon a joint promissory note, and we contend that the defendant, Punchard, could not, in this suit, plead in reconvention, and set off his individual claim for damages. "Set-offs must be mutual, and due in the same right with the debt sued on. A joint debt cannot, therefore, be set off against a separate demand; nor a separate demand against a joint one." (2 Texas Rep. 166; Barbour on Set-off, 54–75.)

WHEELER, C. J.—It is not perceived that there is anything in this case to distinguish it from others in which it has been held, that damages occasioned by the wrongful sueing out of an

Punchard v. Taylor.

attachment may be pleaded in reconvention. (Walcott v. Hendrick, 6 Texas Rep. 406; 13 Id. 390; 15 Id. 437.) A judicial attachment does not issue, of course, upon the return of the officer, that the defendant is not to be found. It only entitles the plaintiff to sue out the attachment. (Dig., Art. 22.) But it is alleged in the plea, that the return of *non est inventus,* was made before the return day of the writ, at the instance, and by the procurement of the plaintiffs, and in order that they might obtain the attachment, when personal service might have been had ; and that the attachment was wrongfully, vexatiously and maliciously sued out, and special damage is alleged. If the averments of the plea be true, the defendant must have a cause of action.

It is objected, that the damages cannot be pleaded by one of the defendants alone. But the cause of action accrued to but one of the defendants. It is properly pleadable in reconvention, in this suit, because it grew out of the conduct of the suit, and is necessarily connected with and incidental to the main action.

It is no answer to the plea, that the officer is responsible. His liability will not relieve the plaintiffs from the consequences of their own wrongful acts. We are of opinion that there was error in sustaining exceptions to the plea, for which the judgment must be reversed and the cause remanded.

Reversed and remanded.

BELL, J., did not sit in this case.