JOHN A. GREEN v. JAMES E. CARLTON.

(No. 1456, Op. Book No. 2, p. 721.)

APPEAL from Coleman County.   Opinion by WILLSON, J.

§ 833. *Reconvention; right to plea of, in attachment suit.* Appellee sued appellant upon a promissory note, and obtained an attachment, which was levied upon property, which property appellant replevied under article 170, Rev. Stat. Appellant pleaded in reconvention for damages for the wrongful, etc., suing out the attachment, and upon the trial offered to support his plea by evidence, but the court rejected all such evidence upon the ground that, as appellant had replevied the property attached, he could not plead damages in reconvention, but could only recover damages by suit upon appellee's attachment bond. *Held*, the plea in reconvention was a good plea, warranted by law, and the court erred in rejecting evidence offered in support of it. There is no such rule of law as that a defendant cannot reconvene for damages in an attachment suit when he has replevied the property attached. [R. S. 650; Walcott v. Hendricks, 6 Tex. 406; Wiley v. Trawick, 14 Tex. 662; Punchard v. Taylor, Hadden & Co. 23 Tex. 424; Harris v. Finberg, 46 Tex. 79; Castro v. Whitlock, 15 Tex. 437.]

§ 834. *Argument; right to open and conclude.* Defendant admitted plaintiff's cause of action, and the only issue was upon defendant's plea in reconvention. *Held*, upon this issue the defendant held the affirmative, had the burden of proof, and was entitled to open and conclude the argument. [Rule 34 for Dist. Court.]

February 14, 1883.                    Reversed and remanded.