## HENRY CASTRO v. JOHN W. WHITLOCK & CO.

Where the defendant in an attachment sued on the bond, and afterwards pleaded same matter in reconvention, and moved to consolidate the suits, which motion was sustained, on appeal from other rulings by the defendant, the Court remarked that the motion should have been overruled, putting the defendant to his election ; that, at all events, the consolidation should have been at the defendant's costs.

Where two suits are consolidated they constitute thereafter but one suit ; and it makes no difference, that the plaintiff in one is defendant in the other.

*Quere,* whether the sureties in an attachment bond can be joined with the principal, in a plea in reconvention for the wrongful suing out of the attachment.

In pleading to a suit it is never necessary to aver the previous proceedings in the case, which appear to the Court by the record.

It is no answer to a plea in reconvention or suit for damages for the wrongful suing out of an attachment, that the attachment was quashed because of a defect in the affidavit.

Appeal from Bexar. The attachment had been quashed on account of a defect in the affidavit. That was stated by the counsel of the appellant, to be the ground on which the demurrer to the plea in reconvention was sustained.

*Waul & Wilson,* for appellant.

*I. A. & G. W. Paschal* and *Stribling,* for appellees.

WHEELER, J. It appears that the defendant in the attachment suit, first brought suit upon the bond for the wrongful suing out of the attachment ; but afterwards, choosing to assert his right of action against the plaintiffs for suing out the attachment, in that suit, and to litigate both causes in one action, he pleaded in reconvention to the attachment suit the same matter which was pleaded by him in his suit upon the

bond ; and then moved to consolidate that suit with the suit in which the attachment had issued. His motion was granted ; and it does not distinctly appear that it was resisted by the plaintiff in the original suit, though it may be inferred that it was, as the judgment upon the motion recites that after hearing argument, &c., the motion was granted. The Court, we think, ought not to have granted the motion. If the defendant chose, as it seems he did, to litigate both causes in the same action by pleading in reconvention, he should have dismissed the suit upon the bond at his own costs. And when, by his motion to consolidate, he made known to the Court that it was for the same identical cause of action which he had pleaded in reconvention, the Court should not have granted the motion, except upon the payment of costs. Had the plaintiff in the original suit resisted the motion to consolidate and moved to dismiss the plea in reconvention on the ground of a former suit pending for the same cause, it might have been made a question, but we think, not successfully, whether the plea in reconvention should not have been dismissed, and the defendant held to his separate suit ; as the appellee in his argument insists he should be. But such was not the action asked by the party in the Court below. He made no motion in the matter until the next Term after the order was obtained to consolidate ; and then he moved to dismiss the petition in the suit upon the bond, because the same matter was pleaded in reconvention. At the same time he demurred to the plea in reconvention, and the petition in the suit upon the bond. Both demurrers were sustained ; whether rightly or not, it is not material now to inquire, as the defendant thereupon amended his plea in reconvention, by dismissing as to the sureties upon the bond ; and still the Court sustained the demurrer to the plea.

If it was not too late, at that Term, to ask the Court to revise and reverse its judgment of the former Term, consolidating the suit upon the bond with this, the action upon the de-

murrer to that suit may have been proper as, in effect, the same
as sustaining the motion to dismiss; and in that view, perhaps,
the judgment in so far might be maintained. But it is not ma-
terial to determine whether it was so or not. If that suit is
to be regarded as consolidated, and merged in the plea in re-
convention—and if properly consolidated, it is to be considered
as merged—and both the petition and the plea are to be taken
together as asserting one and the same cause of action, and as
constituting one pleading, the amendment of the plea in recon-
vention necessarily operated upon the petition, and the sureties
were dismissed alike from the plea and petition; for it is not
to be supposed that when two suits are consolidated, they are
still to be conducted as two separate and distinct suits. That
would be an anomaly in practice which cannot be admitted.
The only purpose which, it is perceived, the petition in the
suit upon the bond could subserve, being consolidated with the
original suit, would be by its averments to help out the aver-
ments of the plea in reconvention. And as we do not think it
was necessary for that purpose, it is quite immaterial what dis-
position was made of it, except upon a question of costs.

The substantive matter to be considered is, whether the
Court adjudged rightly in sustaining the demurrer to the plea
in reconvention, as amended, by dismissing as to the sureties
upon the bond. The demurrer was general, to the effect that
the averments of the plea were "not sufficient in law to entitle
said Castro to recover damages," &c. No special causes of
exception were assigned, but it is now insisted that the plea is
insufficient, because it does not aver that the plaintiffs, Whit-
lock & Co., caused the attachment to be sued out, and pointed
out property, or that they had any active agency in the matter.
It was not necessary that it should have been averred that
they pointed out the property of the defendant to be attached;
and as to the agency of the plaintiffs, that sufficiently appeared
by the record in the case before the Court. In pleading to a
suit, it is never necessary to aver the previous proceedings in

the case, which appear to the Court by the record. It appeared by the petition, that the plaintiffs prayed therein for the issuance of an attachment against the defendant; and it further appeared by the record that the writ of attachment had issued accordingly. It thus appeared conclusively by the record, that the attachment issued at the suit of the plaintiffs and in accordance with the prayer of their petition. There was no more necessity or occasion to aver the fact, than there is, in answering to a petition in any case, to aver the fact of the institution of the suit by the plaintiff, and that the defendant has been cited to answer. There could be no higher or better evidence of the suing out of the attachment by the plaintiffs, than that which the record of the case afforded. What was apparent to the Court by the record, the party was not required to inform the Court or the party of by averment.

In Peiser v. Cushman (13 Tex. R. 390,) where the attachment was quashed by reason of the want of authority in the agent of the plaintiff to execute the bond, and a plea in reconvention was disallowed, this Court reversed the judgment. Whether the agent had authority to execute the bond or not, it was said, was not material. If he acted at the instance of the plaintiffs in suing out the attachment, they would be responsible for his acts. As they had not repudiated, but endeavored to sustain his acts, if the defendant had sustained injury by the wrongful suing out of the attachment, he might claim redress by pleading in reconvention.

We are of opinion that the Court erred in sustaining the demurrer to the plea in reconvention. The judgment is therefore reversed and the cause remanded.

Reversed and remanded.