STEGER & SONS PIANO MANUFACTURING COMPANY ET AL. v. JAMES MACMASTER.

Decided June 29, 1908.

**1.—Petition for Injunction—Demurrers—Assignments of Error—Practice.**

When a petition for injunction is supposed to be defective, the proper practice is to except to the same in the trial court, and in the event of an adverse ruling by the court, to assign error to such action. Assignments of error directed against the sufficiency of a petition for injunction will be considered and construed on appeal as a general demurrer to said petition.

**2.—Injunction—Suits in Justice Court—Jurisdiction of District Courts.**

Under the provisions of article 2989, clause 3, Rev. Stats., the District Courts of this State have power to enjoin a Justice Court from proceeding with the trial of several suits by the same plaintiff against the same defendant and averred to have been instituted for the purpose of vexing, harassing and embarrassing the defendant. Pleadings considered, and held sufficient to authorize an injunction by a District Court in such case.

Appeal from the District Court of Tarrant County. Tried below before Hon. Mike E. Smith.

*Flournoy, Smith & Storer* and *McLean & Scott,* for appellants.—The District Court is without power to enjoin the Justice Courts from proceeding with a cause of action properly filed therein, when said Justice

Court has jurisdiction of the parties, the subject matter of the suits, the amount in controversy, and is proceeding in a lawful manner with the trial and disposition of the same. Const. of Texas as amended in 1891, art. 5, sec. 8; Sayles' Const. of Texas, p. 666; Galveston, H. & S. A. Ry. Co. v. Dowe, 70 Texas, 1, 5; Texas & Pac. Ry. Co. v. Kuteman, 79 Texas, 465; Railway Co. v. Cleburne Ice & Cold Storage Co., 11 Texas Ct. Rep., 650; Clayton v. Hurt, 88 Texas, 598; Ex parte Boland, 11 Texas Crim. App., 168.

An injunction will not be granted where the party applying for same has a remedy at law by appeal or otherwise. Texas & Pac. Ry. Co. v. Kuteman, 79 Texas, 467; Texas Mex. Ry. Co. v. Wright, 88 Texas, 347; Givens v. Delprat, 67 S. W., 424; Gulf, C. & S. F. Ry. Co. v. Bacon, 21 S. W., 783; High on Injunctions, 231.

*Israel Dreeben* and *Bowlin & McCart,* for appellee.—Where one party holds several claims against another growing out of the same transaction, and depending for their determination upon the same questions of law and fact, equity will enjoin separate suits upon the demand, even though there has not been one suit filed and determined in favor of the complainant in the bill. Galveston, H. & S. A. Ry. v. Dowe, 70 Texas, 10; Clegg v. Varnell, 18 Texas, 295; Pitts v. Ennis, 1 Texas, 605; Blair v. Gay, 33 Texas, 165; International & G. N. Ry. v. Donalson, 2 Willson, p. 183; Francis v. Northcote, 6 Texas, 187.

Having acquired jurisdiction for the purpose of preventing a multiplicity of suits, the court of equity will proceed to consider the rights of the parties and administer whatever relief the court may deem necessary, irrespective of the kind of remedy or relief the common law court would have afforded in the same suit. Tiedeman on Equity Jur., secs. 511 and 512; Third Ave. R. R. v. Mayor of N. Y., 54 N. Y., 159 et seq.; 1 Pomeroy, sec. 245.

That a suit is brought upon separate items of a running account between merchant and merchant, and the demand split up into various suits, thereby causing the annoyance occasioned by a multiplicity of suits, is sufficient in warranting a court in granting an injunction and taking charge of the controversy, especially where a consolidation of these demands, in the same court where originally brought, would put the amount beyond the jurisdiction of that court, and this even though there might in each suit be a remedy at law or by appeal. Mohrhardt v. S. P. & T. N. Ry., 2 Willson, secs. 322-3; St. Louis Ry. v. Edwards, 3 Willson, p. 416; Texas & Pac. Ry. v. Hays, 2 Willson, p. 341; Security Co. v. Panhandle Nat. Bank, 93 Texas, 579; Third Ave. R. R. v. Mayor of N. Y., 54 N. Y., 159, 162, 163.

The fact that a party is liable primarily on a contract does not change the rule of law governing the duty of the holder of collateral to use the care required by law for the collection of same. Colebrooke on Col. Sec., secs. 90, 91; White v. Phelps, 14 Minn., 27.

CONNER, CHIEF JUSTICE.—This is an injunction suit filed by appellee to restrain appellants and John L. Terrell and Charles T. Rowland, two justices of the peace of precinct No. 1, Tarrant County, from prosecuting five several suits filed in said Justice Courts by appellants

against appellee, and to recover damages as set out in the petition.  The trial resulted in the perpetuation of the preliminary injunction that had been issued, and in a judgment for appellee in the sum of $555.60, from which this appeal has been prosecuted.

In the first seven assignments it is urged that "the court erred in refusing to dismiss the injunction suit herein against defendants," because of various omissions in and objections to appellee's petition for injunction.  For instance, in the third assignment, it is urged that "the court erred in refusing to dismiss plaintiff's injunction filed herein because the allegation of plaintiff's petition for injunction does not show any equity on its face, or that plaintiff was entitled to said injunction in this," etc., contradiction in certain clauses being alleged.  The fourth assignment is that "the court erred in refusing to dismiss the injunction suit herein against defendants because the plaintiff failed to allege what defense he had to the suits pending in the Justice Court enjoined herein," etc.  We think it manifest from these assignments that they are wholly in the nature of demurrers and exceptions to the petition, and that the proper practice would have been to first challenge the sufficiency of the petition by demurrers, and in event of adverse rulings to assign error to the action of the court.  We think the assignments of error thus noticed can be considered by us in no event further than to scrutinize appellee's petition for the purpose of determining whether it is good as against a general demurrer, which doubtless it would be our duty to do at all events.

So far as we deem it necessary to here state, appellee alleged that, prior to all dates involved, he had been engaged in selling on commission pianos consigned to him by the appellant piano companies under written contracts providing for private prices to be paid by appellee, when sold for cash, by remitting to appellants the invoice price to him; that on all time or part cash sales appellee was to be allowed "the first cash payment made by the purchaser to the amount of $50, the remainder of such cash payment I am to remit to you (the appellant piano companies), together with a sufficient amount of the interest-bearing notes, contracts or leases first becoming due, to make the total amount so remitted equal to a sum not less than fifty per cent. in excess of the price at which the instrument is consigned to me, which excess shall be placed to my collateral credit until your equity in said notes, contracts or leases is satisfied, then this excess shall revert to me; and I hereby guarantee the payments of all notes, contracts and leases so taken, waiving protest and notice of protest and default.  And if default is made in the payments of any notes, contracts or leases so guaranteed I agree, upon your demand, to repossess, or cause to be repossessed, at my expense, any instrument for which said default note or notes, contracts or leases were given in payment.  Should I be unable to regain possession of such instrument I agree to pay the entire amount due you on same in cash, or you may at your option apply any part of my collaterals which you may hold in full or part settlement of the same."  The contract further provided that "I (appellee) hereby agree to assist you (the piano companies) in making collection of notes, contracts and leases endorsed by me when called upon to do so, and without charge for services rendered."

Vol. LI. Civil—34.

Appellee alleged that, prior to the institution of the suits in the Justice Court, he had terminated his connection with the appellant companies; that said suits had been instituted for the cash sum of fifty dollars alleged to be due, and for the recovery of four certain pianos, or their value, which had been consigned to him and for which appellants alleged he had not paid; that in truth appellants were largely indebted to him in excess of the amount so sued for on account of the value of collateral notes that had been delivered to appellants under the terms of their said written contracts, and which they had negligently failed to collect and apply and remit, as had been provided, and it was charged that said suits had been instituted in said Justice Courts with the purpose of vexing, harassing and needlessly embarrassing appellee, and he prayed that appellants be enjoined from further prosecuting them, and that all matters arising out of said contracts be settled in this suit, and that he have judgment as prayed for. The petition contained many other allegations not deemed necessary to an understanding of this opinion, but as perhaps sufficient therefor the above outline has been given.

The main contention seems to be that the District Court is without power to enjoin the Justice Courts from proceeding with the causes of action properly filed therein, "when said Justice Court has jurisdiction of the parties, the subject matter of the suits, the amount in controversy, and is proceeding in a lawful manner with the trial and the disposition of the same," and the case of Galveston, H. & S. A. Ry. v. Dowe, 70 Texas, 1, is cited in support of this contention. The general rule under the present Constitution of this State is undoubtedly as stated in the contention made. Courts of equity will not interfere to control the proceedings of other courts where there have been mere errors of law or of judgment, or where the lower court can hear and determine the dispute. But our statute expressly authorizes the District Court to issue injunctions in all cases where "the applicant for such writ may show himself entitled thereto under the principles of equity." See Revised Statutes, art. 2989, clause 3. Says Mr. Pomeroy, in the fourth volume of his work on Equity Jurisprudence, 3d ed., sec. 1360: "The use of injunctions to stay actions at law was almost coeval with the establishment of the chancery jurisdiction. Without this means of interference to protect the rights of its suitors the Court of Chancery could never have established, extended and enforced its own jurisdiction." And it is a well-established doctrine that a court of equity may take cognizance of a controversy, determine the rights of all the parties, and grant the relief required to meet the ends of justice in order to prevent a multiplicity of suits. 1 Pomeroy's Equity Jurisprudence, sec. 243 et seq. In section 271 of the volume just cited the author says that the judgment of a court of equity to prevent multiplicity of suits "has also been admitted, under special circumstances, to settle the entire controversy between two parties growing out of some complicated contract involving numerous questions and many actions at law." So that on the whole we think it can be scarcely doubted that appellee's petition is sufficient on general demurrer to authorize the relief he sought; certainly as against appellants, at least, he would be entitled to the restraining process invoked.

Under the twelfth, thirteenth, fourteenth and sixteenth assignments it is insisted, in substance, that the evidence is insufficient to support the

verdict in appellee's favor on the issue of negligence on appellants' part in the collection of certain collateral notes, for the value of which appellee alleged he was entitled under the terms of the contract. A statement of all the evidence on this issue would confuse, rather than otherwise, and we hence deem it sufficient to omit details, and to. say that, after careful examination, we must disagree with appellants' contention in this particular.

The first paragraph of the court's charge, objected to in the fourth assignment, was correct as far as it went, and the errors complained of in the twelfth, twenty-second and twenty-third assignments at most constituted omissions merely calling for requested special instructions. Appellants' special charge No. 3 was properly rejected as ignoring appellee's right to recover upon his collateral that appellants were shown to have and to have negligently failed to collect and return, as provided for by the written contracts. Nor do we find error in the action of the court in overruling appellants' special exception, as complained of in the twenty-seventh assignment. The averments of appellee's petition excepted to seem to us to be consistent with the contracts declared upon, and as in nowise varying or contradicting their terms, as is insisted under this assignment.

We conclude that no reversible error has been shown, and that the judgment should be affirmed.

*Affirmed.*

Writ of error refused.