TEXAS & N. O. R. CO. v. COLEMAN.
(No. 91.)

(Court of Civil Appeals of Texas. Beaumont. March 2, 1916.)

1. JUSTICES OF THE PEACE ☞43(2)—JURISDICTION—AMOUNT INVOLVED—PLEADING.

Plaintiff's only pleading in a justice court being the citation, stating items of damages aggregating over $200, it was without jurisdiction.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 75, 151; Dec. Dig. ☞ 43(2).]

2. JUSTICES OF THE PEACE ☞174(18) — APPEAL—JURISDICTION.

The justice court being without jurisdiction, because of the aggregate amount of damages there pleaded as sustained exceeding $200, the county court was without jurisdiction on appeal, though an amendment was there filed, reducing the claim.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 683, 684; Dec. Dig. ☞ 174(18).]

Appeal from Tyler County Court; W. A. Johnson, Special Judge.

Action by J. T. Coleman against the Texas & New Orleans Railroad Company. From a judgment for plaintiff, on appeal from a justice, defendant appeals. Reversed and dismissed.

Thomas & Wheat, of Woodville, Baker, Botts, Parker & Garwood, of Houston, and Hightower, Orgain & Butler, of Beaumont, for appellant. Mooney & Shivers and S. W. Sholars, Jr., all of Woodville, for appellee.

BROOKE, J. There being no brief filed for the appellee in this case, we adopt the statement of the nature and result of the suit set out in appellant's brief, as follows:

This suit originated in a justice court in Tyler county, Tex., the citation issued by the justice of peace being the only pleading of plaintiff in the suit. The citation alleged that on January 16, 1914, plaintiff delivered to the defendant company in good condition 128 sacks or 364 bushels of sweet potatoes, that were reasonably worth 75 cents per bushel; and that because of the carelessness of the defendant in failing to ventilate the car after the potatoes were delivered to it, plaintiff sustained a loss on said potatoes of $130, and that by reason of the carelessness and negligence alleged, plaintiff was forced to go to Houston, the destination of said carload of potatoes, and incurred the following expenses, viz.: $33 freight, $1 demurrage, train fare to Houston, and return, $8.50, resacking potatoes in Houston, $9.00, delivering the potatoes in Houston $10.00, five days' labor at $2.50 per day, $12.50, which amounts were paid out by plaintiff; and that he was caused to incur said expenses by reason of the negligence of the defendant in failing to ventilate said car; and that but for said carelessness and negligence, plaintiff would not have been put to said expense, as said potatoes were sold subject to inspection, and would have been received at the destination of said car, which was Houston, and paid for at the above price (evidently referring to 75 cents per bushel for 364 bushels, which would have amounted to $273). It will be noted that the aggregate amount of the damages which plaintiff alleges he sustained by reason of the negligence of defendant was the sum of $204. Defendant filed written answer in the justice court, setting up the insufficiency of the citation, and other dilatory matters, which will not be referred to here; also demurred generally to plaintiff's cause of action, and pleaded the general denial. Judgment was rendered in the justice court in favor of plaintiff in the sum of $125 and costs. Defendant, after its motion for new trial was overruled, appealed the case to the county court of Tyler county. When the case reached that tribunal, plaintiff filed what is called his first amended petition, to take the place of the citation. In this petition it was alleged that plaintiff sustained damages in the sum of $126.40, on account of the negligence of defendant in failing to properly ventilate said car, and, further, that plaintiff was put to various other items of expense mentioned in the original citation, the total damages amounting to $197.90. Defendant filed its answer in the county court, setting up certain matters which will not be referred to here, and also pleaded the general demurrer and general denial. The case was tried before a jury in the county court, and was submitted to them on special issues, eight in number. The jury having answered all the special issues, judgment was rendered in the county court on the verdict of the jury, in favor of plaintiff, and against defendant, in the sum of $124.30. Defendant filed motion for new trial, which was promptly overruled, and, having reserved certain bills of exception, defendant filed its appeal bond, and the case is now regularly before this court for review.

[1, 2] There is a question of jurisdiction that decides the fate of this case. The citation issued from the justice court, upon which this suit was founded, and which was served on the defendant, stated a cause of action for and asked the recovery of a sum of money which was in excess of the jurisdiction conferred by law upon a justice court. In other words, there is nothing in the record, beside the said citation, to show the amount sued for, and in the citation the items are set out amounting in the aggregate to $204. In the county court, it is true, a petition was filed asking for $200, and stating that as the amount of damages. However, this is unimportant, as the amount set out in the citation in the justice court is the test by which the apparent jurisdiction of the county court is determined. The identical question has been passed on by decisions of this state. Texas & Pac. Ry. Co. v. Hood, 59 Tex. Civ. App. 363, 125 S. W. 982; Pecos & N. T. Ry. Co. et al. v. Canyon Coal Co., 102 Tex. 478, 119 S. W. 294.

The justice court having no jurisdiction, the county court acquired no jurisdiction.

The cause is therefore reversed and dismissed. It is so ordered.