### MALONE v. UNITED STATES FIDELITY & GUARANTY CO. (No. 3072.)

Court of Civil Appeals of Texas. Amarillo. Sept. 26, 1928.

Jno. T. Buckley, of Borger, for appellant.

Turner, Culton & Gibson, of Amarillo, for appellee.

RANDOLPH, J. Dr. W. T. Malone instituted suit in justice court of precinct No. 5, Hutchinson county, Tex., against United States Fidelity & Guaranty Company, in 84 separate and distinct cases, each being for the sum of $19.

The appellee, defendant in said cases, filed its application for injunction in the district court, in which the following grounds for the granting of same were presented:

(a) That such claims necessarily arise under and are governed by the Workmen's Compensation Law of this state (Rev. St. 1925, arts. 8306–8309), in that all of the services were rendered to employees of persons holding compensation policies issued by the defendant company, and that all fees are subject to the regulations of the Industrial Accident Board, and that the bills sued on have not been presented to or acted on by said board, and that no action can be maintained in any court until the board shall have passed such claims.

(b) That the suits are instituted as independent causes of action, and are not prosecuted by way of appeal from the ruling and decision of the Industrial Accident Board.

(c) That no party treated by the plaintiff, for which recovery is sought in said suits, has obtained from the Industrial Accident Board an order granting or denying recovery under the Workmen's Compensation Law, and that there is not now pending before the board or on appeal therefrom to said justice court may claim for compensation by any of the parties for whose treatment judgment is prayed.

(d) That the suits are filed in great number solely to harass, vex, and annoy plaintiff and to cause it to incur large sums of money in employing attorneys in each of said suits and in procuring the attendance of witnesses in each of said suits; that the only questions involved in said suits are of the same character (that is, whether the plaintiff in said suits was employed by defendant therein to render services, and the value thereof); that, the suits being for the sum of $19 each, an appeal cannot be taken from any judgment rendered, but that said justice court has final jurisdiction of same; that there are present in all such cases the identical questions of law and fact, in that there is present the question whether any person authorized by defendant had instructed plaintiff to treat any of the persons for whose treatment recovery is sought, and there is present in all such cases the question of law whether or not plaintiff can recover against the insurance carried under the Workmen's Compensation Act for treatment of employees of its policyholder, unless the account shall have first been submitted to the Industrial Accident Board and action taken thereon by it.

Before discussing the questions presented by appellee in its application for injunction, we will first dispose of a question affecting the jurisdiction of this court on appeal, which is presented by the record, and which is raised by motion to dismiss the appeal in cause No. 3073, which is practically a companion case to the case at bar, and which, being a jurisdictional question, must be considered by us.

The district judge, upon application of appellee, granted a temporary injunction, restraining Dr. Malone from prosecuting the suits in justice court pending the hearing on the merits of the petition in the district court. This was granted by fiat indorsed on the petition on May 7, 1928. On the same day, May 7, 1928, the appellant filed his answer in the district court, attacking the petition by general and special exceptions, and also filing a general denial not sworn to. The hearing was had in term time, and on the same day, May 7, 1928, the trial court overruled all such exceptions. The defendant reserved his exception to the action of the court in overruling his general and special exceptions, but gave no notice of appeal therefrom. On the 17th day of May, 1928, the defendant in this cause appealed from the action of the trial court in granting the temporary writ of injunction.

The question presents itself: Has this court jurisdiction of the appeal from the order granting the writ, for the reason that the appeal should have been from the order of the trial court overruling the defendant's exceptions, and was the action of the defendant in presenting his exceptions a waiver of his right to appeal from the order granting the temporary writ? This question was passed on by the Fort Worth Court in the case of Plateau Oil Co. v. Choate Oil Corporation (Tex. Civ. App.) 235 S. W. 686. In that case, a motion to dismiss the appeal was made on the ground that the defendant in the trial court had made a motion to dissolve the injunction, which motion was overruled. No appeal was taken from the order overruling the motion to dissolve, but an appeal was taken from the order granting the injunction. Justice Buck, upon these facts, held:

"Articles 4644 and 4645, Tex. Civ. Stats., were amended by the Thirty-Sixth Legislature. See General Laws, Thirty-Sixth Legislature, p. 22, providing for an appeal from· an order and judgment overruling a motion to dissolve

an injunction theretofore granted, prior to that time no appeal lay as to such order. Walstein v. Nicholson, 47 Tex. Civ. App. 358, 105 S. W. 207; Gregory v. Houston Oil Co. of Texas [Tex. Civ. App.] 154 S. W. 236. Prior to this amendment it was held that a party against whom an injunction had been granted did not lose his right of appeal therefrom by making a motion to dissolve the injunction, which latter motion was overruled. Jeff Chaison Townsite Co. v. McFadden, Wiess & Kyle Land Co., 56 Tex. Civ. App. 611, 121 S. W. 716. But in this decision the court says:

" 'It would have been better if the act in question had in fact given the right of appeal from an order refusing to dissolve, instead of from the order granting the injunction, which would have allowed a presentation of the case on appeal upon the petition, answer, and such evidence in addition as was heard on the motion to dissolve, instead of the naked allegations of the petition.'

"But, since the Legislature has specifically given the right of appeal from an order overruling a motion to dissolve an injunction, we are inclined to think defendants have waived their right in this case to appeal from the original order granting the injunction. There has been an election of rights, and the litigant is bound by the election. Williston on Contracts, vol. 2, § 679, subd. 2, and section 683."

The Supreme Court granted an application for writ of error in that case, and, pending a decision of the case, it was dismissed by agreement.

In the subsequent decision of the Fort Worth court, in the case of Hudgens v. Yancey (Tex. Civ. App.) 284 S. W. 347, the holding in the Plateau Oil Company Case was approved and followed. There does not appear to have been any application made to the Supreme Court for writ of error in this last case, and no action whatever thereon by the Supreme Court is shown.

This being the status of the two decisions by the Fort Worth court, we think that we should, before following the decisions in those cases, notwithstanding the high standing of that court, be satisfied with the reasoning of those decisions and with the grounds upon which they are based. We are not satisfied that an election of remedies had occurred in those cases, as laid down in the opinions in same.

We do not think that the defendant in the injunction proceedings had exercised an election in the method of appeal when he filed his answer and motion to dissolve, or in this case where he has filed his answer and general and special exceptions. The election takes place when he exercises his right of appeal and makes his choice of his method of appeal. In this case the defendant in the injunction suit had the right under the statute, within the designated 20 days, to appeal from the order granting the temporary injunction. He chose, and made the election, the right to appeal from the order granting the temporary injunction, and this was the first time he was called on to elect. An election is "in its legal sense, the choice of two rights or things, to each one of which the party choosing has an equal right, but both of which he cannot have. * * *" 19 C. J. p. 1257.

An appeal may be taken by either method, where two methods of appeal are provided, 3 C. J. 341, 342, and it has even been held by the federal courts and some of the state courts that, if it is questionable whether a case should be brought up by appeal or writ of error, the case may be appealed by both modes. 3 C. J. 343.

The defendant in this case having made but one election in his mode of appeal, a course which he was authorized by the statute to follow, we hold that his presentation of exceptions to the plaintiff's petition was not an election to appeal from the order overruling his exceptions, and that the appeal was properly taken from the order granting the temporary injunction.

The petition recites that the defendant, Dr. W. T. Malone, as plaintiff, had filed in the justice court of precinct No. 5 of Hutchinson county, Tex., 84 suits, each for the sum of $19, wherein the said Malone seeks to recover against the defendant in such suits, and in each of them, the sum of $19, with interest and costs of suit, which alleged services rendered by the said Malone to divers and sundry persons, one such service for one person being named in each of said suits, and alleging that such service was rendered at the instance and request of the plaintiff herein, its agents or employees, and in each of said suits the plaintiff herein has been duly served with citation, regular in form, and sufficient to require this plaintiff to answer therein, unless the prosecution of said suits shall be restrained as prayed for.

The plaintiff also pleads in said petition that the subject-matters involved in said 84 suits have not been presented to the Industrial Accident Board of Texas and have not been appealed from the decision of said board, but are independent suits instituted as original causes of action.

The suits in justice court as brought are for services rendered the named parties upon request of the defendant in that suit. If this is true, and there is no denial of liability in the petition for injunction, then it becomes a matter of contract between the parties, and it was not necessary, in any event, for the claims to have been presented to the Industrial Accident Board. The petition for injunction only presents the necessity, under section 7, art. 8306, Revised Civil Statutes, of the presentation of said claims to the Accident Board, without expressly denying the liability of the plaintiff under the contract, as alleged in the suits in the justice court. Hence we hold that the petition for injunction, not having negatived the contractual liability in that respect, presents no ground for equitable relief. This would ren-

der our holding in the case of Lumbermen's Reciprocal Association v. Wilmoth, 1 S.W. (2d) 415, inapplicable here. In that case the claim passed on by this court was incidental to the injury of the claimant, which injury was heard before and by the Accident Board, and there was no claim of contractual liability. Even should we concede that services rendered an injured person, for whom compensation is claimed, such claim must be presented to the Industrial Accident Board, which we do not hold, we cannot so hold where a contract for such treatment is alleged and not expressly denied.

It appears from the recitals in the petition that the 84 suits in the justice court are based upon services alleged and charged to have been rendered at the request of the plaintiff herein, and that each suit is based upon an item of a general account for such service. The defense of the plaintiff herein has not been presented to the justice court in the suits there pending. It is the rule, well recognized in this state, that, where the law furnishes a clear, adequate, and complete legal remedy, an injunction will not lie and a court of equity will not grant relief. Hill v. Brown (Tex. Com. App.) 237 S. W. 252.

In the case at bar, relief is sought against the prosecution of the suits in the justice court, when at the same time it appears from the petition that the cases have not been disposed of in such court. Is the plaintiff entitled to its injunction when it appears that the trial court has jurisdiction and has not rendered final judgment? Does the plaintiff have to wait until the justice court has rendered final judgment in view of the legal remedy it has, that of presenting the legal remedy before the trial court, or, in view of the multiplicity of suits as between the parties, does the law furnish a complete remedy?

The petition alleges an amount being sued for in each of the justice court cases from which no appeal can be taken. The causes of action sued on are merely items of one account which should have been joined in one suit. It is apparent that, should the justice court render judgment on the face of the record in those cases, such judgment would present one, valid on its face, and would thus defeat the interposition of a court of equity. In addition, the cause of action having been split into 84 suits, equity should intervene to prevent this great multiplicity of suits. Under the conditions existing here, the law does not afford complete relief, and the prosecution of the suits should be enjoined, the cases consolidated, and trial had as of one suit. The consolidation of the suits would place the amount beyond the jurisdiction of the justice court, but within the jurisdiction of the district court; hence it will devolve on the district court to try and determine the issues in the suits so consolidated.

The plaintiff in its petition alleges that the defenses are the same to each and all the suits in the justice court. The parties plaintiff and defendant, as above stated, are identical. Hence the trial court, a court of equity, correctly enjoined the prosecution of such suits, and should proceed to determine the issues in the suit as consolidated in the district court.

In the case of Galveston, H. & S. A. Railway v. Dowe, 70 Tex. 9, 7 S. W. 370, Judge Gaines, speaking for the Supreme Court of Texas, says:

"In the present case, the suits already brought have resulted adversely to appellant; and, if we apply the rule that it must first have a decision in its favor, the judgment now appealed from must be affirmed. But we doubt if this rule should ever be applied in cases of this particular character. The courts which have adopted it have, as we think, followed the analogy of the original bill of peace without sufficient reason. In the case of a bill of peace, the court of chancery interfered, because there had been a trial at law which was not conclusive, and its interposition was necessary in order to prevent vexatious litigation. That court had no power to try title to land, and hence could not entertain a bill of peace until the title had been decided at law in favor of the complainant. The object of the bill was to prevent vexatious litigation, but a judgment at law establishing the title of the complainant was the necessary foundation of the procedure. But the case is different where a party, claiming a just defense to a multitude of demands held by one person against him, and all of the same character and involving precisely the same questions, seeks relief against the vexation, expense, and trouble of defending so many separate actions. When separate suits are brought and threatened, why await the determination of one? It seems to us that the unnecessary expense and vexation necessarily resulting from such a multiplicity of suits should be deemed a sufficient ground for the interposition of the district court under our system—that being a court of blended jurisdiction. But we need not go so far. We are not called upon to deny the doctrine applied in West v. The Mayor [10 Paige (N. Y.) 539], supra. The opinion in that case shows that from the judgment of the justice of the peace the complainant had an appeal to a court whose decision would establish a legal precedent. If it be said that a court of equity will only act after a decision favorable to the complainant, in a court of law, in which the judges are required to be lawyers, we can see the reason of it. But we do not think this rule should be applied to judgments of the county and justice courts under our system, where the amount in controversy is such as not to permit appeals to 'the appellate court.' The officers who preside in these tribunals are not required to be learned in the law. Their judgments, not appealed from, are conclusive between the parties as to the subject-matter of the particular suit in which they are rendered; but they cannot be held to affect in any manner any general right. Had it appeared from the plaintiff's petition that one of the suits against it had been brought in the district court, and had there been decided against it, or that from a judgment in the county court it had appealed to the Court of Appeals, and

that court had affirmed the judgment upon the merits, then the presumption would have been great that it had no just defense to the other actions. Acting upon this presumption, a court of equity might well decline to interfere. But no such presumption arises from the judgment of a justice or county court in this state when, by reason of the amount in controversy, there can be no appeal. Therefore, when a case for the interposition of a court of equity, in order to prevent a multiplicity of suits, is presented, the action of the court should not be affected by such judgments, whether it be favorable or unfavorable to the complainant. In the case of the Sheffield Waterworks v. Yeamans [L. R. 2 Ch. Cas. 8], supra, the English Court of Chancery awarded an injunction against a large number of defendants, who each held a separate claim against the company, growing out of the same alleged injury, though no right had been established by any suit at law; and we see no reason why the relief should have been refused, if all the claims, as in this case, had become the property of a single holder."

Further Judge Gaines says:

"The rule is that, if in the tribunal which has jurisdiction of the demands, there can be a consolidation, then it is the duty of the party to resort to this remedy, and equity will not interfere. In such a case there is an adequate remedy at law. But in this, though the demands separately are within the jurisdiction of the justice court, the aggregate amount exceeds that jurisdiction. Hence they cannot be consolidated. Besides, in order, it would seem, to prevent even a partial consolidation, and to increase the expense, the defendant had determined to bring a separate suit to each successive term of the court. According to the allegations of the petition' (which the demurrer admits to be true), it is a clear case in which the appellee is about to avail himself of his right to bring separate suits in the justice's court, in order to vex and harass the appellant by a multiplicity of actions, and in which the appellant has no means of protecting itself against the attempted wrong except by a resort to the writ of injunction. This remedy is a relief to appellant and works no hardship to appellee, who can set up his demands in the action, and thus have the litigation determined in one proceeding. Our system of procedure is essentially equitable in its nature, and was designed to prevent more than one suit growing out of the same subject-matter of litigation; and our decisions from the first have steadily fostered this policy."

For the reasons last stated, we affirm the judgment of the trial court.