### TRAIL v. HARPER et al.
### No. 11165.

Court of Civil Appeals of Texas. Dallas.
March 18, 1933.

Ross Huffmaster, of Kaufman, for appellant.

G. O. Crisp, of Kaufman, for appellees.

BOND, Justice.

J. F. Trail, as plaintiff, filed a suit in a justice court of Kaufman county against Luther Harper and Johnnie Holmes, as defendants, on a promissory note in the sum of $85, with interest and attorney fee, and for a foreclosure of a mortgage lien on personal property of the alleged aggregate value of $75, and caused to be sequestrated one automobile and two mules, part of the property described in the mortgage. The defendant Luther Harper answered and filed a cross-action against the plaintiff for damages, in the sum of $287.65, growing out of an alleged conversion of property by the plaintiff, and defendant Holmes answered and by way of cross-action sought judgment for title to and possession of the two mules involved in the suit. On trial in the justice court, judgment was rendered against the plaintiff that he recover nothing against defendants on his note and mortgage, and that defendant Harper recover on his cross-action the sum of $287.65, and the defendant Holmes for the title and possession of the two mules. Plaintiff appealed to the county court of Kaufman county.

While the case was thus pending in the county court, defendant Harper brought an original suit against plaintiff, J. F. Trail, in the county court for the identical cause or demand as was declared upon in his cross-action filed in the justice court. In limine, the cause of Luther Harper against J. F. Trail was consolidated with the appealed cause of J. F. Trail against Luther Harper and Johnnie Holmes, and, as consolidated, the case was tried to a jury, and, on favorable answers to issues submitted, judgment was rendered in favor of Luther Harper against J. F. Trail for the sum of $202.10 damages, with interest and costs of suit. Trail appealed.

Appellant contends on this appeal that the trial court erred in consolidating the causes over his objection, his justice court suit being one on appeal, the issues and the parties are fixed and confined to those made by the pleadings in the justice court; that the justice court was without jurisdiction to determine the cross-action, as the amount in controversy exceeded the jurisdictional amount

of said court, and on appeal the county court is without jurisdiction.

■ It has been uniformly and consistently held by the courts of this state that, in cases removed from the justice court to the county court by appeal, the county court may in no event render judgment in such cases for an amount not originally cognizable in the court from which the appeal is taken. The jurisdiction of the justice courts is as general and exclusive over the subjects committed to them by the Constitution as that of the district and county courts within their province, and it is committed to them the exercise of "original jurisdiction in civil matters of all cases where the amount in controversy is two hundred dollars, or less, exclusive of interest, of which exclusive original jurisdiction is not given to the district or county courts." Article 2385, R. S. 1925. The appellate jurisdiction of the county court cannot exceed in amount the jurisdiction of the justice court. Texas & N. O. R. Co. v. Coleman (Tex. Civ. App.) 185 S. W. 1053, and authorities therein cited.

■■ By the order of consolidation, over the objection of appellant, the appellate jurisdiction of the county court was made to exceed that of the justice court, and thereby appellant was forced to litigate his liquidated demand, note and mortgage, of which the justice court and the county court on appeal did have jurisdiction, with appellee Harper's claim, founded in tort, not alleged as growing out of or incident to plaintiff's cause of action, and clearly beyond the amount cognizable in the justice court, and, as a consequence, in excess of the appellate jurisdiction of the county court.

The justice court not having jurisdiction of the cross-action for $287.65, the county court had none, and neither by way of an amendment or by a consolidation could appellee Harper confer jurisdiction upon the court. The appeal affected only such issues over which the justice court had jurisdiction, that is, plaintiff's demand and appellee Holmes' counterclaim for the mules in litigation. The appealed case and the case consolidated with it involved neither the same parties nor the same subject-matter, and the issues and parties are therefore foreign to each other. It improper to join an action on appeal from a justice court to the county court, where the cause must be tried de novo and necessarily only involving the same issues and the same parties, with an original cause of action filed in the county court involving different issues and different parties.

The action of the trial court, in consolidating appellee Harper's suit, filed in the county court with appellant's appealed justice court case, was error, causing the necessity of our action in reversing and remanding this cause.

Reversed and remanded.