## STANDARD INV. CO. v. DOWDY.

### No. 12768.

Court of Civil Appeals of Texas. Dallas.

Dec. 3, 1938.

Rehearing Denied Dec. 30, 1938.

H. B. Houston, of Dallas, and Jack T. Life, of Athens, for appellant.

R. H. Sigler, of Athens, for appellee.

BOND, Chief Justice.

The appellant, Standard Investment Company, filed this suit in the District Court of Henderson County, seeking to restrain appellee, J. V. Dowdy, from prosecuting to judgment six certain suits pending in the justice court of precinct No. 1 of said county, and from filing and prosecuting many other threatened suits arising from a common source and governed by the same legal rules and virtually the same evidence; and to compel appellee to prosecute all such claims in one suit in a court of competent jurisdiction.

On hearing, the injunction was denied, the court assigning as grounds thereof "that the amount in controversy in each of said suits was more than $20.00, but less than $100.00, and that each of said suits were therefore appealable to the County Court of Henderson County; * * * that the remedy at law, of motion to consolidate the hearings upon the merits of said suits will be available to it, if said cases are appealed to the county court." Accordingly, appellant has perfected this appeal.

On hearing of the application for injunction, briefly stated, the facts are these: In the various suits filed in the justice court, J. V. Dowdy, as plaintiff, alleged that he was the owner of certain promissory notes, and that, on or about December 10, 1936, the defendant, Standard Investment Company, contracted and agreed to purchase the notes at their face value, accordingly the notes were assigned and transferred to the defendant; and, on its refusal to pay for the notes, plaintiff seeks judgment in each of the suits to the amount of his respective debts, interest, and costs of suit. Five of the six suits differ only as to the date, the amount, and the maker of the note, and one declares on a usury charge growing out of a similar note transaction. In the six

suits, plaintiff's items of damage range from $69 to $99.75, aggregating a total sum of $542.65; the amount of the items of the contemplated suits are not shown in the record.

In each of the suits, the defendant interposed a plea of privilege; and, subject thereto, filed answer of general demurrer and general denial. The pleas of privilege were overruled, appeals taken to the county court, where they are now pending; and, pending the appeals, the trial of the suits on their merits are stayed and are now pending in the justice court.

It appears that appellee, J. V. Dowdy, in December, 1936, was the owner of seventeen or more promissory notes, which he desired to sell, including the J. V. English note, the Jack Singleton note, the W. B. Harper note, the Elno Dock note, the Charles Goodwin note, and the J. T. Norris note, which notes respectively figure in the six justice court suits; and that, on December 10, 1936, these notes were presented to the Standard Investment Company for purchase. The plaintiff in the justice court suits contends that the defendant purchased all of the notes, including the J. T. Norris note, it being the note involved in the usury action, and having failed to pay him the purchase price therefor or to assume payment of the notes, and having exacted of him usurious interest in the Norris note transaction, is liable in damage to the amount of the respective items.

The breach alleged in each of the suits evidently grew out of a transaction which occurred on December 10, 1936, between the plaintiff and the defendant, and will involve on the trials thereof practically the same evidence, affirmative and defensive, and by the splitting-up of the cause of action into six suits, none of which involve items cognizable on appeal to the appellate courts, will subject the defendant to the expense, annoyance, and inconvenience of defending each case separately and consume unnecessarily the time of the courts in the trial of six or more suits, when one trial in a court of competent jurisdiction would suffice. It will be seen that plaintiff could easily have said in one suit all that was said in the six suits, thus presenting the six items of damage arising out of the transaction alleged, and entailing only the liability for costs of court, annoyance, and inconvenience of one trial. On the hearing, appellee offered no testimony to explain his action in filing the separate suits in the justice court.

In the light of the general rules of equity, we think, on the pleadings and evidence offered, that appellant was entitled to equitable relief. The ground upon which the relief should have been granted is to prevent a multiplicity of suits, with the attendant unnecessary expense, vexation, and inconvenience to defend them separately. The record presents a multiplicity of suits filed and many more threatened, where only one should have been brought; this, in the absence of any adequate remedy at law, made the case for equity. Galveston, H. & S. A. Ry. Co. v. Dowe, 70 Tex. 5, 7 S.W. 368; Steger & Sons Piano Mfg. Co. v. MacMaster, 51 Tex.Civ.App. 527, 113 S.W. 337; Houston Heights Water & Light Ass'n v. Gerlach, Tex.Civ.App., 216 S.W. 634; Malone v. U. S. F. & G. Co., Tex.Civ.App., 9 S.W.2d 461; Stewart et al. v. Orsburn, Tex.Civ. App., 41 S.W.2d 1008, 1009; Gulf, C. & S. F. R. Co. v. Pearlstone Mill & Elevator Co., Tex.Com.App., 53 S.W.2d 1001.

In the Pearlstone Case, supra, Judge Sharp, then of the Commission of Appeals, now Justice of the Supreme Court, said [page 1004]: "There is a marked distinction between invoking the equity jurisdiction of a court to prevent a multiplicity of suits by different plaintiffs each having a separate, distinct, meritorious cause of action, and invoking this jurisdiction to prevent a multiplicity of suits, based upon many claims held by the plaintiff against the defendant, where the amounts are small, are similar in nature, grow out of the same general source, involve similar facts, and may be settled in one suit, and about to be filed in a court of limited jurisdiction from which no appeal will lie." In that case, plaintiff instituted three suits in the justice court and threatened to file a great number of other suits similar in nature and between the same parties, the court holding that an injunction lay to prevent the multiplicity of suits, under the fundamental principle that equity takes jurisdiction where it is made necessary to administer a preventive remedy, or where the courts of ordinary jurisdiction are made instruments of injustice.

 Furthermore, there can be no consolidation of the suits as would allow the consolidated cause to remain within the jurisdictional limitations of the justice court; and, a case tried in the justice court

and appealed to the county court may not, in the absence of an agreement to that effect, be consolidated in the county court with another action, where the consolidated action would exceed the justice court's jurisdiction. Appeals from the justice court to the county court, the trial is de novo, thus, the jurisdiction of the county court is confined to the jurisdictional limits of the justice court. Trail v. Harper, Tex.Civ.App., 58 S.W.2d 883; Childress Oil Co. v. Wood, 111 Tex. 165, 230 S.W. 143; Davis, Agent v. Hagan, Tex. Civ.App., 255 S.W. 484; Texas Power & Light Co. v. Hale, Tex.Com.App., 283 S. W. 495.

We, therefore, reverse the judgment of the trial court and remand the cause, with instruction that the injunctive relief be granted, and recommend that the six suits now pending in the justice court of precinct No. 1 of Henderson County, Texas, with any and all other causes of action constituting claims of similar import between the parties be consolidated in one suit for trial in a court of competent jurisdiction.

Reversed and remanded, with instruction.

### On Motion for Rehearing.

In our original opinion, we expressed the view that "a case tried in the justice court and appealed to the county court may not, in the absence of an agreement to that effect, be consolidated in the county court with another action, where the consolidated action would exceed the justice court's jurisdiction". We are confronted with a decision of our Supreme Court, in Rust v. Texas & P. R. Co., 107 Tex. 385, 180 S.W. 95, holding, in effect, to the contrary. In that case, three suits were filed in the justice court, each in the sum of $99.95. Two of the cases were consolidated and tried as one case and thereafter the third case was tried; both cases appealed to the county court. In the county court, the two cases were consolidated and tried as one case, in which an aggregate amount of $299.95 was sought to be recovered. That sum, of course, exceeded the jurisdiction of the justice court and in passing on such state of facts, the Supreme Court said: "There can be no doubt that the consolidation of the two causes in the justice court was proper, as was that in the county court of the cause thus made with the other cause there pending. Article 2182, R.S. This constituted the consolidat-

ed causes one suit, to be prosecuted as such (Castro v. Whitlock, 15 Tex. 437), with the aggregate of the amounts involved within the jurisdiction of the county court." This being the status of the decisions of our Supreme Court, we adhere to its holding; however, the views expressed by us and that of the Supreme Court are not determinative of the issue here involved.

In the case at bar, relief is sought against the prosecution of six suits in the justice court involving items aggregating a sum of $542.65 and many other threatening suits of similar import arising from the same source and between the same parties. Evidently, the six suits cannot be consolidated in the justice court and tried as one suit, as the amount of the consolidated action would exceed the jurisdiction of the justice court; but, it is insisted that any two of the six suits may be consolidated in the justice court, making three instead of six suits to be tried, and, on appeal to the county court, the three consolidated cases may be there consolidated; thus, eventually the entire cause of action may be tried as one case. Indeed, in such circumvention, agreeable to the justice of the peace and the county judge, it is within the realm of possibility that a result might be reached in the manner suggested; but, can it be said that such procedure would defeat the interposition of a court of equity, affording the defendant a complete and adequate remedy at law to the extent to which courts of equity will not go for the purpose of preventing a multiplicity of suits?

In the Pearlstone Case, Tex.Com. App., 53 S.W.2d 1001, only three suits were filed in the justice court and a great number of other suits similar in nature and between the same parties were threatened. Our Supreme Court there held that, under the fundamental principles of equity, to prevent a multiplicity of suits with the attending unnecessary expense, vexation, and inconvenience to defend them separately, the defendant had no adequate remedy at law. So, in the instant case, plaintiff having filed six separate suits in the justice court and threatening "other suits of the same nature he wanted to file and would file", made, we think, a case for equity. It is not enough to defeat the interposition of a court of equity, that in some anticipatory stage of trial, the various suits filed, and the many others threat-

ened, may eventually be consolidated into one cause of action. The multiplicity of suits in the justice court, growing out of a transaction between the same parties, which could have properly been brought in one suit, cognizable either in the county court or the district court, is the gravamen of appellant's complaint. There is nothing reflected in the record to justify appellee's action in splitting-up his cause of action into so many separate suits. The effect of which, whether intended or not, would result in unnecessary expense, vexation, and inconvenience of trials which the defendant should not be required to bear in the justice court, regardless of what could be done on appeals to the county court. The causes of action could properly be brought in one suit in a court of competent jurisdiction; or, by proper pleadings, tantamount to a new suit, be litigated on the remand of this suit, subject, however, to all legal rights of appellant as to venue and other dilatory pleas and defenses.

Motion for rehearing is overruled.