### CURFMAN v. JEFFERSON STANDARD LIFE INS. CO.

#### No. 12803.

Court of Civil Appeals of Texas. Dallas.

March 4, 1939.

Wade & Wade, of Rockwall, for appellant.

Malone, Lipscomb, White & Seay, of Dallas, and Carl Miller, of Rockwall, for appellee.

BOND, Chief Justice.

This is an appeal from an order granting a temporary injunction, restraining appellant from filing and prosecuting in a justice court a multiplicity of suits involving the same question, and growing out of the same contract of insurance, as in the case of Jefferson Standard Life Ins. Co. v. Donald J. Curfman, 127 S.W.2d 567, this day decided by this court, until the cited cause has been definitely determined by the appellate courts. This suit is founded in equity. While there is no fixed rule for determining what is an enjoinable multiplicity of suits, the decisions are uniform that such actions rest in the sound discretion of the court granting the writ.

The temporary injunction here granted was clearly correct, in order: (1) to prevent a multiplicity of suits—all growing out of the same alleged wrongful act and involving cognate questions of fact and of law and based on the same contract as that involved in the suit on appeal; (2) to prevent a possible instrument of injustice; and (3) to prevent vexing and harassing litigations. Standard Inv. Co. v. J. V. Dowdy, Tex.Civ.App., 122 S.W.2d 1107. The injunction will toll the statute of limitation on all threatened suits not

filed, should the cited cause be not determined within the limitation period fixed by law for debts growing out of written contract, and, certainly, appellant loses nothing by the delay, and the injunction will not prejudice his rights in any manner.

The judgment of the court below is affirmed.