**Opinion issued December 6, 2012**



In The

# Court of Appeals

### For The

# First District of Texas

—————————————

### NO. 01-12-00076-CR

—————————————

### FREDDIE LEWIS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 19th District Court**
**McLennan County, Texas**
**Trial Court Case No. 2008–1089–C1**

---

### MEMORANDUM OPINION

The jury found appellant Freddie Lewis guilty of aggravated robbery with a deadly weapon.[1] After appellant pleaded true to two felony enhancement allegations, the jury assessed appellant's punishment at 55 years in prison and a $500 fine.

---

[1] *See* TEX. PENAL CODE ANN. § 29.03(a)(2) (Vernon 2011).

Appellant presents two issues on appeal.[2]  Appellant contends that the trial court erred by requiring him to pay the fees for the counsel, investigator, and interpreter appointed by the trial court.  Appellant also asserts that the trial court erred in allowing the district attorney to prosecute the case because he had been appointed to represent appellant earlier in the proceedings.

We affirm the judgment, as modified.

### Background Summary

Appellant was indicted for the first-degree felony offense of aggravated robbery with a deadly weapon.  The State filed its notice of intent to seek enhanced punishment based on appellant's two prior felony convictions.

Throughout the proceedings, the trial court determined appellant to be indigent and appointed counsel to represent him.  In June 2009, and again in November 2009, the trial court determined appellant was incompetent to stand trial.  Appellant was committed to a mental health facility for treatment.  In June 2011, the trial court found that appellant had been "returned to competency" and could stand trial.

The case was tried to a jury in December 2011.  The jury found appellant guilty of aggravated robbery with a deadly weapon.  Appellant pleaded true to two

---

[2]  This appeal, originally filed in the Tenth Court of Appeals, Waco, Texas, was transferred to the First Court of Appeals, Houston, Texas.  *See* TEX. GOV'T CODE ANN. §  73.001 (Vernon 2005).

felony enhancement allegations. The jury assessed his punishment at 55 years in prison and a $500 fine. The trial court order appellant to pay court costs totaling $3,300. Appellant now appeals the judgment, raising two issues.

## Court Costs

In his first issue, appellant contends that "[t]he trial court erred in requiring [appellant] to pay costs for court appointed counsel, investigator, and interpreter fees" because the court had determined appellant to be indigent. The judgment of conviction orders appellant to pay court costs totaling $3,030. The bill of costs reflects that this figure includes $1,575.00 for court appointed attorney's fees, $400 for a court appointed interpreter, and $750 for a court appointed investigator.

A trial court has authority to order the defendant to repay fees for legal services provided, that is, court-appointed counsel and investigative costs, if the court determines that a defendant has financial resources enabling him to offset, in part or in whole, the costs of the legal services provided. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (Vernon Supp. 2011); *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010); *see also Perez v. State*, No. 07–10–0147–CR, 2011 WL 3112061, at *6 (Tex. App.—Amarillo July 26, 2011, pet. dismissed) (mem. op.) (not designated for publication) (including investigative costs as costs of legal services). Nonetheless, "[a] defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the

case unless a material change in the defendant's financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (Vernon Supp. 2011). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees." *Mayer*, 309 S.W.3d at 556. Thus, the record must supply a factual basis to support the determination that the defendant is capable of repaying the attorney's fees and investigative costs ordered to be paid. *See id.*

Here, the record does not show that the trial court reconsidered its determination of indigency, the occurrence of a material change in appellant's financial circumstances, or his ability to offset the cost of legal services provided. *See* TEX. CODE CRIM. PROC. ANN. arts. 26.04(p), 26.05(g). To the contrary, after sentence was imposed, the trial court appointed appellate counsel based on appellant's indigence. We agree with appellant, and the State concedes, there is no evidence to support the trial court's order for appellant to repay the attorney's fees and investigative fees expended on his behalf in the underlying case.

The State also concedes that appellant should not be required to pay for the cost of the interpreter appointed by the trial court. Code of Criminal Procedure article 38.30 provides that an accused is entitled to the appointment of an interpreter if he or a witness does not understand the English language. *See* TEX. CODE CRIM. PROC. ANN. art. 38.30 (Vernon Supp. 2012). The statute also provides

4

that the interpreter is entitled to be compensated for his or her services. *See id.* Nothing in article 38.30, however, authorizes a trial court to assess the cost of that interpreter against the defendant. *See id.* Moreover, neither the provisions of Chapter 102 of the Code of Criminal Procedure (entitled "Costs Paid by Defendants") nor section 103.021 of the Texas Government Code (entitled "Additional Fees and Costs in Criminal or Civil Cases") authorize the assessment of interpreter's fees. *See* TEX. CODE CRIM. PROC. ANN. arts. 102.001–.072 (Vernon 2006 & Supp. 2012); TEX. GOV'T CODE ANN. § 103.021 (Vernon Supp. 2012). Finding no statutory authority for the assessment, we conclude that the sum of $400.00 in court-appointed interpreter's fees should not have been assessed as costs of court. *See Perez v. State*, 2011 WL 3112061, at *6.

Appellant does not challenge the other administrative fees, equaling $305, comprising the remainder of the $3,030 total court costs assessed against him in the judgment. Thus, the proper remedy is for this Court to subtract the sum of the fees for the court-appointed attorney, investigator, and interpreter, equaling $2,725, from the total court costs of $3,030 assessed in the judgment and modify the judgment to reflect court costs of $305.00. *See Mayer*, 309 S.W.3d at 557; *Cain v. State*, No. 10–11–00045–CR, 2011 WL 4837723, at *5 (Tex. App.—Waco Oct.12, 2011, no pet.) (mem. op., not designated for publication) (modifying judgment to delete the finding ordering appellant to pay his court-appointed attorney's and

5

investigator's fees); *see also Bell v. State*, No. 09–11–00462–CR, 2012 WL 252499, at *1 (Tex. App.—Beaumont Jan. 25, 2012, no pet.) (mem. op., not designated for publication) (modifying indigent defendant's judgment to subtract attorney's fees but retain administrative costs and fees); *Ludlow v. State*, No. 03–11–00212–CR, 2012 WL 104469, at *1 (Tex. App.—Austin Jan. 11, 2012, no pet.) (mem. op., not designated for publication) (same).

We sustain appellant's first issue.

### Conflict of Interest

In his second issue, appellant contends, "The trial court erred in allowing McLennan County Criminal district Attorney, Abel Reyna, to prosecute this matter because Abel Reyna had been appointed to represent [appellant] in this case." The State responds that appellant has forfeited this complaint because he did not raise it in the trial court.

The record shows that Abel Reyna was appointed by the trial court to represent appellant on April 7, 2009. A docket notation made on April 13, 2009, indicates that Reyna had a conflict and that a new attorney needed to be appointed. Also on April 13, 2009, the trial court signed an order appointing Walter Reaves, Jr. to represent appellant. Reaves represented appellant from that date until after trial. In his brief, appellant points out that, on January 1, 2011, "Abel Reyna began

6

serving as the elected Criminal District Attorney of McClennan County and was serving as such when the case was tried."

On appeal, appellant cites article 2.01 of the Code of Criminal Procedure, which provides that the elected district attorney "shall represent the State in all criminal cases in the district courts of his district and in appeals therefrom, except in cases where he has been, before his election, employed adversely." *See* TEX. CODE CRIM. PROC. ANN. art. 2.01 (Vernon 2005). Appellant also points out that the Court of Criminal Appeals has explained that a prosecuting attorney is statutorily disqualified when he has formerly represented the defendant in the same criminal matter as that currently being prosecuted. *Landers v. State*, 256 S.W.3d 295, 304 (Tex. Crim. App. 2008). Such conduct presents an actual conflict of interest and constitutes a due-process violation, even without a specific showing of prejudice. *Id*.

On appeal, appellant frames his issue to assert that the trial court erred in permitting the district attorney to prosecute him in the trial court. Appellant does not, however, address the fact that no complaint was raised in the trial court regarding the district attorney's conflict of interest. The trial court had no duty or authority to remove the district attorney without a request to do so. *See id.* (indicating trial court can disqualify district attorney in a case on a showing by defendant of due-process violation); *see also Coleman v. State*, 246 S.W.3d 76, 81

(Tex. Crim. App. 2008) ("The responsibility for making the decision to recuse himself is on the district attorney himself; the trial court cannot require his recusal.").

To preserve a complaint for appellate review, a party must present a timely request, objection, or motion to the trial court stating the specific grounds for the desired ruling if the specific grounds were not apparent from the context. *See* TEX. R. APP. P. 33.1(a). All the party must do to avoid the forfeiture of a complaint on appeal is "let the trial court know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the trial court to understand him at a time when the trial court is in a proper position to do something about it." *Keeter v. State*, 175 S.W.3d 756, 760 (Tex. Crim. App. 2005) (citing *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)).

It is well established that almost every right, constitutional and statutory, may be forfeited by failing to object. *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008); *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986). Numerous constitutional rights, including those that implicate a defendant's due-process rights, may be forfeited for purposes of appellate review unless properly preserved. *See Anderson v. State*, 301 S.W.3d 276, 279–80 (Tex. Crim. App. 2009) (rejecting "due process" exception to error preservation requirement); *Alexander v. State*, 137 S.W.3d 127, 130–31 (Tex. App.—Houston [1st Dist.]

2004, pet. ref'd) (holding failure to object to trial court regarding violations of federal and state due process rights forfeited appellate review of those claims).

The United States Supreme Court has explained, "The most basic rights of criminal defendants are similarly subject to waiver." *Peretz v. United States*, 501 U.S. 923, 936, 111 S. Ct. 2661, 2669 (1991). As examples, the Court cited a number of cases, including the following: *United States v. Gagnon*, 470 U.S. 522, 528–29, 105 S. Ct. 1482, 1485–86 (1985) (holding absence of objection constitutes waiver of right to be present at all stages of criminal trial); *Levine v. United States*, 362 U.S. 610, 619, 80 S. Ct. 1038, 1044 (1960) (ruling that failure to object to closing of courtroom is waiver of right to public trial); *Segurola v. United States*, 275 U.S. 106, 111, 48 S. Ct. 77, 79 (1927) (concluding failure to object constitutes waiver of Fourth Amendment right against unlawful search and seizure); *United States v. Figueroa*, 818 F.2d 1020, 1025 (1st Cir. 1987) (holding failure to object results in forfeiture of claim of unlawful post-arrest delay); *United States v. Coleman*, 707 F.2d 374, 376 (9th Cir. 1983) (failure to object constitutes waiver of Fifth Amendment claim).

We have previously determined the issue of error preservation in an analogous case. In *Worthington v. State*, the appellant complained on appeal that he was deprived of due process of law because one of the prosecutors for the State had previously served as the court-appointed attorney for his co-defendant. 714

9

S.W.2d 461, 465 (Tex. App.—Houston [1st Dist.] 1986, pet. ref'd) *overruled on other grounds by Reed v. State*, 744 S.W.2d 112 (Tex. Crim. App. 1988). We held that the appellant had not preserved his due process complaint because he had failed to obtain a ruling on his motion to recuse the prosecutor in the trial court. *Id.*; *see Jones v. State*, No. 03–97–00592–CR, 1999 WL 236067, *1 (Tex. App.—Austin Apr. 15, 1999, pet. ref'd) (not designated for publication) (holding appellant waived conflict of interest complaint that prosecutor had represented him earlier in same matter because appellant failed to raise complaint in the trial court).

We hold that, because he did not present the issue in the trial court, appellant has not preserved his complaint that the trial court erred in permitting the district attorney to prosecute him in the trial court. *See* TEX. R. APP. P. 33.1(a). Accordingly, we overrule appellant's second issue.

## Conclusion

We affirm the judgment of the trial court, as modified.

Laura Carter Higley
Justice

Panel consists of Justices Jennings, Higley, and Sharp.

Do not publish. TEX. R. APP. P. 47.2(b).