Opinion adopted January 10, 1888.

## No. 5797.

## THE GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY *v.* O. C. DOWE.

1. JURISDICTION—INJUNCTION.—The decision at the present term in case No. 5608 (ante, page 1), denying to the district court the power to correct by injunction errors of an inferior court, reaffirmed.
2. CASES REVIEWED.—West v. The Mayor, 10 Paige, 539; Third Avenue Railway Company v. The Mayor, 54 New York, 159, and Tarbox v. Hartenstein, 4 Baxter, 78, reviewed.

3. INJUNCTION.—A contractor of a railway issued a number of time checks
   to his employes which were endorsed by the payees in blank and as-
   signed. Thirty of them became the property of the defendant. The
   larger portion of them were for less than twenty dollars. The railway,
   in a petition for injunction, alleged among other things that the holder
   had brought separate suits on similar claims; that it was liable on none
   of them; that the justice of the peace refused to consolidate those suits,
   and gave judgment against the road, and the holder of the thirty
   checks threatened to bring in the same court separate suits on each
   check. A consolidation of the suits, if brought in the justice's court,
   would involve a claim exceeding the magistrate's court jurisdiction;
   *Held,* That the petition disclosing that the defendant was about to avail
   himself of his right to bring separate suits in order to vex and harrass
   the plaintiff by a multiplicity of suits to which the petition showed a
   perfect defense, against which suits there was no adequate protection
   except by injunction—an injunction to restrain the holder from bring-
   ing separate suits on each check—the proper remedy.

APPEAL from Maverick. Tried below before the Hon. D. P. Marr.

*P. H. Ward,* for appellant: Where one party has numerous claims against another, all growing out of the same transaction, and all depending on the same legal principles, and similar issues of fact, and such party is about to institute, or threatens to institute a number of actions, either successively or simultaneously, and in pursuance of such threat has already instituted several actions, the party aggrieved may resort to the injunctive jurisdiction of equity to restrain such actions and to prevent a multiplicity of suits, and thus have all the matters at issue between the two parties brought within the scope of one judicial proceeding and one decree. (1 Pomeroy's Equity Jurisprudence, sections 245, 254; 3 Pomeroy's Equity Jurisprudence, section 1371; 1 High on Injunctions (2 ed.), sections 12, 61, 63, 65; 3 Wait's Actions and Defenses, sections 683, 684, 135–138; Cobb v. Smith, 16 Wisconsin, 661.)

*J. A. Ware* and *West & McGown,* for appellee.

GAINES, ASSOCIATE JUSTICE. This suit was brought in the court below by appellant against appellee for the purpose of enjoining the latter from collecting a certain judgment rendered in the county court of Maverick county and from bringing separate suits on certain claims against the appellant.

The question of the power of the district court to enjoin the judgment of the county court is settled by the opinion in the case between the same parties, delivered by the commissioners and adopted by this court at the present term. (See G., H. & S. A. Ry. Co. v. Dowe, ante, page 1.) In regard to the claims upon which suits are sought to be enjoined, the petition alleges, in substance, that in the year 1882, certain contractors on the company's road issued to their laborers a large number of written obligations known as contractor's time checks, which had been endorsed by the payees in blank and assigned by them, and that defendant Dowe was the holder of about thirty of these, each for amounts ranging from five to thirty dollars, and aggregating about the sum of one thousand dollars. It is also alleged that these claims were signed solely by the contractors, and that the plaintiff was not a party to them in any sense, and was not liable for their payment, and further that they were barred by the statute of limitations; but that defendant had instituted suits upon similar demands against plaintiff alone in the justice court, and had obtained judgment on them; and had threatened to bring in the same court one suit for each month upon one of the claims until all were sued on. The averments of the petition showed a perfect defense to the claims; that this defense was set up in each of the suits brought in the justice court, and that the appellant moved to consolidate the actions; but that the court refused the motion, and notwithstanding its defenses, gave judgment in every instance against it. It also appeared from the petition that in each case, except one, the amount in controversy was less than twenty dollars, and hence there was no appeal. In the one case the amount was less than one hundred dollars, and therefore the judgment of the county court in that suit was final.

An exception to appellant's petition was sustained and its suit dismissed, and this it assigns as error.

It is said that the prevention of a multiplicity of suits is a favorite ground for the interposition of a court of equity; but it appears from an examination of the authorities that the application and limits of the doctrine are not well defined. It had its beginning in the bill of peace, a remedy rendered necessary by the principle of the common law that a judgment in an action of ejectment in favor of the defendant was not conclusive, and did not estop the plaintiff from bringing successive suits upon the same cause of action. In order to relieve a

defendant from vexatious litigation, after a judgment at law in his favor, the court of chancery permitted him to file his bill and by its decree to preclude the plaintiff from vexing him with any further suit. The principle has been extended to cases where a great number of parties, having a common cause of action against one, growing out of the same injury and depending upon the same questions of law and fact; and they have been permitted to join in the same action in order to prevent a multiplicity of suits. This rule was applied in this court in Blessing v. City of Galveston, 42 Texas, 641, and in George v. Dean, 47 Texas, 73. Also where numerous persons have claims of the same character, growing out of the same alleged wrong against one, a bill will lie in his favor against all the claimants to settle all the demands in the same suit. (Sheffield Water Works v. Yeomans, L. R., 2 Chan. Ap., 8.) It is also laid down that where one party holds several claims against another, growing out of the same or similar transactions, and depending for their determination upon the same questions of law and fact, equity will enjoin separate suits upon the demands, provided one suit has been tried and determined in favor of the complainant in the bill. (1 High on Injunctions, section 63 et seq.; 1 Pomeroy's Eq. Jur., section 254 et seq.) In West v. The Mayor, 10 Paige, 539, a multiplicity of suits were sought to be enjoined, and the bill showed that in a suit upon one of the demands the judgment had been against the complainant in the justice's court, and he had appealed. The chancellor dissolved the injunction, and said : "It is time that they complain that in these cases the court decided the law against them, and did not submit the legality of the ordinances to the jury to be decided as a matter of fact; and that they intend to carry the question as to such legality before a higher tribunal for a decision. But neither of those circumstances can give jurisdiction to this court to interfere before the right of the complainants is established by such higher tribunal. If they are successful there it is not probable that the interference of this court will be necessary." In the very similar case of Third Avenue Railroad Company v. The Mayor, 54 New York, 159, an injunction was sustained, as to all suits but one, until the rights of the parties could be determined in the action which was permitted to be brought. In Tarbox v. Hartenstein, 4 Baxter, 78, the defendant had been an employe of the complainant under a yearly contract, his wages being payable weekly;

and had been discharged before the contract expired, on the ground that he failed to perform the stipulations on his part. He was paid up to the time of his discharge.   He brought suit for his first week's wages accruing thereafter, and recovered judgment, which was paid.   He sued again for the next week's wages and recovered judgment, from which an appeal was taken. He brought also a third suit, which had not been tried, and announced his purpose to bring a suit for each week's wages as it accrued as long as by the terms of the contract it was to have continued in force.   The court held that it was an entire contract for the year, though the wages were payable by the week, and that the judgment in the first suit was conclusive of his rights, and precluded any further recovery, and perpetually enjoined him from prosecuting the actions already brought, and from bringing any other.   It is to be remarked that although the judgment in the second action (which was the first in which res adjudicata could have been pleaded) had gone against the complainants, and, although they had a complete remedy at law against each successive action, yet the court of chancery assumed jurisdiction in order to prevent vexatious litigation, restrained the defendant from prosecuting any further suits.   The decree of the chancellor was affirmed in the Supreme Court.

In the present case, the suits already brought have resulted adversely to appellant; and if we apply the rule that it must first have a decision in its favor, the judgment now appealed from must be affirmed.   But we doubt if this rule should ever be applied in cases of this particular character.   The courts which have adopted it have, as we think, followed the analogy of the original bill of peace without sufficient reason.   In the case of a bill of peace, the court of chancery interfered, because there had been a trial at law which was not conclusive, and its interposition was necessary in order to prevent vexatious litigation.   That court had no power to try title to land, and hence could not entertain a bill of peace until the title had been decided at law in favor of the complainant.   The object of the bill was to prevent vexatious litigation, but a judgment at law establishing the title of the complainant was the necessary foundation of the procedure.   But the case is different where a party, claiming a just defense to a multitude of demands held by one person against him, and all of the same character and involving precisely the same questions, seeks

relief against the vexation, expense and trouble of defending so many separate actions. When separate suits are brought and threatened, why await the determination of one? It seems to us that the unnecessary expense and vexation necessarily resulting from such a multiplicity of suits should be deemed a sufficient ground for the interposition of the district court under our system—that being a court of blended jurisdiction. But we need not go so far. We are not called upon to deny the doctrine applied in West v. The Mayor, supra. The opinion in that case shows that from the judgment of the justice of the peace the complainant had an appeal to a court whose decision would establish a legal precedent. If it be said that a court of equity will only act after a decision favorable to the complainant, in a court of law, in which the judges are required to be lawyers, we can see the reason of it. But we do not think this rule should be applied to judgments of the county and justice courts under our system, where the amount in controversy is such as not to permit appeals to "the Appellate Court." The officers who preside in these tribunals are not required to be learned in the law. Their judgments, not appealed from, are conclusive between the parties as to the subject matter of the particular suit in which they are rendered; but they can not be held to affect in any manner any general right. Had it appeared from the plaintiff's petition that one of the suits against it had been brought in the district court, and had there been decided against it, or that from a judgment in the county court it had appealed to the Court of Appeals, and that court had affirmed the judgment upon the merits, then the presumption would have been great that it had no just defense to the other actions. Acting upon this presumption, a court of equity might well decline to interfere. But no such presumption arises from the judgment of a justice or county court in this State when, by reason of the amount in controversy, there can be no appeal. Therefore, when a case for the interposition of a court of equity, in order to prevent a multiplicity of suits, is presented, the action of the court should not be affected by such judgments, whether it be favorable or unfavorable to the complainant. In the case of the Sheffield Water Works v. Yeamans, supra, the English court of chancery awarded an injunction against a large number of defendants, who each held a separate claim against the company, growing out of the same alleged injury, though no right had been established by any suit at law;

and we see no reason why the relief should have been refused, if all the claims, as in this case, had become the property of a single holder.

The rule is that, if in the tribunal which has jurisdiction of the demands, there can be a consolidation, then it is the duty of the party to resort to this remedy, and equity will not interfere. In such a case there is an adequate remedy at law. But in this, though the demands separately are within the jurisdiction of the justice court, the aggregate amount exceeds that jurisdiction. Hence, they can not be consolidated. Besides, in order, it would seem, to prevent even a partial consolidation, and to increase the expense, the defendant had determined to bring a separate suit to each successive term of the court. According to the allegations of the petition (which the demurrer admits to be true), it is a clear case in which the appellee is about to avail himself of his right to bring separate suits in the justice's court, in order to vex and harrass the appellant by a multiplicity of actions, and in which the appellant has no means of protecting itself against the attempted wrong except by a resort to the writ of injunction. This remedy is a relief to appellant and works no hardship to appellee, who can set up his demands in the action, and thus have the litigation determined in one proceeding. Our system of procedure is essentially equitable in its nature, and was designed to prevent more than one suit growing out of the same subject matter of litigation; and our decisions from the first have steadily fostered this policy. (Chevalier v. Rush, Dall., 611; Burge v. Smith, Dall., 616; Clegg v. Varnell, 18 Texas, 294.)

We conclude, therefore, that the exceptions to so much of the petition as sought to enjoin the collection of the judgment of the county court should have been sustained, and that the exceptions should have been overruled to so much thereof as sought to enjoin appellee from bringing separate suits upon his demands; and that the court erred in sustaining the entire exceptions, and in dissolving in whole the injunction and dismissing the bill.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered February 3, 1888.