WELLS FARGO & CO. v. GUILHEIM et al.
(No. 5400.)

(Court of Civil Appeals of Texas. Austin. June 10, 1914. Rehearing Denied Oct. 21, 1914.)

1. APPEAL AND ERROR (§ 954*)—MATTERS OF DISCRETION — RIGHT TO INJUNCTION—REVIEW.

Whether an injunction will be granted in a given case rests, to a certain extent, in the discretion of the trial judge, the exercise of which, while reviewable on appeal, will be upheld unless some abuse of discretion is shown.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3818–3821; Dec. Dig. § 954.*]

2. INJUNCTION (§ 118*)—COMPLAINT.

Defendant, having 43 claims against an express company for damages by reason of an alleged fact that turkeys shipped by complainant company for him were dead when delivered, filed 43 separate suits before a justice of the peace to recover damages, ranging from 95 cents to $18.48. Complainant, in a suit to restrain the prosecution of such suits, alleged as a defense thereto that it was not liable to defendant in any damages or sum whatsoever, in that it held a receipt from him for each and every shipment sued on, without exception, "and none dead within complainant's knowledge." Held, that such allegation did not charge that none of the turkeys were, in fact, dead when delivered, but was only an allegation of complainant's evidence of that fact, and hence the petition was demurrable.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 223–242; Dec. Dig. § 118.*]

3. INJUNCTION (§ 119*)—VERIFIED ANSWER—CONSIDERATION.

In determining whether a party is entitled to injunction, the answer, when verified, as well as the petition, must be considered under Rev. St. 1911, art. 4645.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 243–250; Dec. Dig. § 119.*]

4. INJUNCTION (§ 32*)—GROUNDS OF RELIEF—SUITS BEFORE JUSTICE—MULTIPLICITY.

Defendant, having 43 claims for damages against complainant express company arising out of shipments of turkeys brought 43 suits before a justice of the peace against complainant for amounts ranging from 95 cents to $18.48, aggregating $208.37 in all. Complainant sought an injunction, alleging that each of the claims involved issues of fact and questions of law identical with each other, and that the suits were separately filed for vexation and to prevent an appeal. Held, that since if the suits did involve the same issues, though they could not be consolidated into one suit because the amount would exceed the jurisdiction of the justice, yet they could be consolidated into two suits, which would afford complainant an adequate protection and a right to appeal, complainant was not entitled to an injunction restraining the prosecution of the suits on the ground that they were so instituted to prevent an appeal, and that complainant could not expect justice before a justice of the peace.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 69; Dec. Dig. § 32.*]

Appeal from District Court, Travis County; Chas. A. Wilcox, Judge.

Suit by Wells Fargo & Co. against Chas. S. Guilheim and others. From an order dissolving a temporary injunction, complainants appeal. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, and W. B. Garrett, of Austin, for appellants. J. H. Hart, of Austin, for appellee.

### Statement of the Case.

JENKINS, J. This is an appeal from an order dissolving a temporary injunction. Appellants' petition alleged that appellee Guilheim had 43 pretended claims against it for damages, by reason of the alleged fact that turkeys shipped by appellant for appellee were dead when delivered, and that he had filed 43 separate suits in the court of appellee Johnson, a justice of the peace, for the recovery of such damages, and had caused citation to be issued thereon in each suit; that said claims were from 95 cents to $18.48, and aggregated $208.37; that each of said claims involved issues of fact and questions of law identical with each other; that said suits were separately filed for the purpose of vexing and harrassing appellant, and that the costs therein would amount to the sum of $300; that the county court had jurisdiction of the aggregate amount of said claims, and that a suit for same could be tried in the county court at comparatively small trouble and expense; that appellant has a legal defense to said claims, in that it holds receipts from appellee showing that none of the turkeys were dead when the same were delivered to appellee; that appellant has no adequate remedy at law, in that neither of said suits is appealable from justice's court, by reason of the fact that neither of them involves an amount exceeding $20, and that he cannot have said suits consolidated in the justice's court for the reason that the aggregate amount in controversy exceeds the sum of $200; that "appellant has no reason to expect, anticipate, or hope for the proper determination of its just and legal rights in the trial of said suits in the said justice court, for the reason that the said defendant M. M. Johnson, justice of the peace aforesaid, is not a lawyer learned in the law, and that a jury in the justice court, although with no knowledge whatever of the law or the application of legal principles to facts, are the exclusive judges of the facts and the law, with no appeal whatever from their decision, and, such jury being wholly ignorant of the law, and wholly incapable of applying any legal principle to any state of facts, your petitioner could not hope for any consideration or determina-

tion of its legal rights in the trial of said suits in said justice court than such as the prejudice and whims of said jury might dictate." Appellee demurred generally to appellant's petition, and specially in that it appeared that appellant's alleged legal defense involves a question of fact, and that the justice court had obtained exclusive jurisdiction to try the same. He alleges that his claims for damages involved are valid, and have arisen from the fact that appellant shipped for appellee a large number of turkeys from various points at different times, and that one or more of the turkeys in each of said shipments were dead when delivered to appellee; that appellee had furnished appellant a full statement as to his several claims for such damages, and that appellant failed and refused to pay the same or any part thereof; that appellee notified appellant long before said suits were filed, to wit, on March 26, 1913, that if said claims were not paid he would file separate suits thereon, and that said suits were not filed until May 1, 1913; that by refusing to pay said claims and by failing to take any action to prevent or restrain appellee from so filing said suits, appellant invited appellee to file the same, by reason of which it is estopped from receiving the relief claimed herein. Appellee denies that said suits were brought for the purpose of vexing or harrassing the appellant, or that the defense to same involves the same issues, but alleges, on the contrary, that each shipment was at a different time, of turkeys purchased from different parties, and that the facts that may be shown upon trial in one case will not be in any wise material in determining the facts at issue in any other of said cases; that the costs in said cases will be only what the law allows, and that if appellant establishes a legal defense it will not have to pay the same. On March 25, 1914, the court heard the motion to dissolve the temporary injunction, "the same having been submitted on the plaintiff's petition and the defendant's demurrers and motion," and entered a decree that "said injunction heretofore granted in this cause is hereby in all respects dissolved." The appellant, having duly excepted to the order dissolving said injunction, prosecutes this appeal under article 4644, R. S.

. Opinion.

The court found that appellant was estopped from prosecuting its suit herein for injunction, for the reason that it was "made known to the court that the facts set forth in the answer of the defendant Chas. S. Guilheim, to the effect that the said defendant presented all of said claims to the plaintiff, Wells Fargo & Co. long before suits were filed in justice's court, and that payment of said claims was declined, and that said defendant Guilheim notified the plaintiff that he would bring separate suits on same, had

not been denied, and would not be denied, by the plaintiff, Wells Fargo & Co." .

[1] As to whether or not the equitable relief of injunction will be granted in a given case rests, to a certain extent, in the discretion of the judge, which discretion is reviewable on appeal, and should be upheld, unless some abuse of such discretion is shown. If appellant was entitled to enjoin the separate prosecution of appellee's claims, and knew that it was appellee's purpose to so prosecute said suits, it might not be inequitable to hold that it should have done so before appellee had incurred the expense of filing such suits, which presumably included an attorney's fee in each of them. Such course would have prevented incurring the costs, which is one of the grounds of appellant's complaint here, and for which, even should injunction be granted, it has already rendered itself liable by reason of its delay herein, unless it should clearly appear that such suits were brought for the purpose of vexing and harrassing the appellant. However, we do not rest our opinion on this reason of the court for dissolving the injunction. If the judgment is correct for any other reason apparent of record, it ought to be upheld.

[2] We are of the opinion that appellant's petition for injunction was bad upon general demurrer. It appears from said petition that each of the suits in the justice's court grew out of shipments of turkeys by appellant for appellee, and that appellee's claim for damages is that some of the turkeys so shipped were dead when delivered to appellee. The only alleged defense to such claim is as follows:

"Your petitioner alleges and charges the fact to be that it has a full and complete legal defense in each and all of said 43 suits, and is in no way liable to the said defendant Chas. S. Guilheim in any damages or sum whatsoever, in that it holds a receipt from the defendant Chas. S. Guilheim for each and every shipment sued on without exception, and none dead within knowledge of plaintiff."

If this means that appellant holds appellee's receipt showing that none of the turkeys were dead when delivered to appellee, it is not an allegation that none of them were dead when so delivered, but only an allegation of appellant's evidence of that fact, which evidence is not conclusive of the fact. If it be an allegation that appellant does not know that any of the turkeys were dead when delivered to appellee, it is clearly not an allegation of the fact that none were dead at that time. In order to obtain an injunction, the petitioner must allege the facts that entitle him to the same, and not his evidence as to such facts, or his want of knowledge as to the same.

[3] In determining whether or not a party is entitled to an injunction the answer, when verified, as well as the petition, must be taken into consideration. Article 4645, R. S.; Dawson v. Baldridge, 55 Tex. Civ. App.

124, 118 S. W. 596; Frazier v. Coleman, 111 S. W. 663; Wainwright v. Cotter, 137 S. W. 419.

[4] Appellant's suit for injunction is based upon the doctrine that the law abhors a multiplicity of suits. This, like all other declarations as to legal policies, must not be pushed too far. It is the policy of the law to permit, and in a proper case equity will require, all matters in controversy between the same parties to be settled in one suit. The law also abhors multifariousness and confusion of issues, and equity will not require all causes of action between the same parties to be tried in one suit, where the causes of action and of defense rest upon different questions of law and different questions of fact.

Appellant, in support of its contention that appellee should be compelled to join all his causes of action against it in one suit, cites Clegg v. Varnell, 18 Tex. 294. That was not a case in which it was sought to compel the plaintiff in several suits to join them all in one suit, but a case in which there was a plea of misjoinder. It does not follow that because a party might legally combine several causes of action in one suit, he may be compelled to do so. In the Clegg v. Varnell Case, the court said:

"A claimant attempting to restrain the sale of his property under execution against another person is not compelled to institute suit against each plaintiff in execution when there is but one common matter in dispute, and that is whether the property belongs to the claim-ant or to the defendant in the executions." 18 Tex. 305.

In the suits instituted by appellee there is not "one common matter in dispute." In the Clegg-Varnell Case had there been two or more suits, the matter to be settled in each would have been the same, viz., the ownership of the property levied upon. In the instant case the matter to be settled in any one of the suits brought by appellee, viz., whether any of the turkeys in a particular shipment were dead when delivered, would have been altogether a different question from whether any of the turkeys in another shipment from another party at another time were dead when delivered. The judgment in one case, though between the same parties, would not only not have been res adjudicata as to another case, but would not have been admissible as evidence in such other case.

In Ry. Co. v. Dowe, 70 Tex. 10, 7 S. W. 368, the issues in each of the threatened cases were the same, viz., the liability of the railway company for checks issued by a contractor, and the statute of limitations.

Steger v. McMaster, 51 Tex. Civ. App. 527, 113 S. W. 337, was a suit to enjoin five suits in two justice of the peace courts, each involving the same issues of law and of fact, viz., the construction of a complicated contract, and whether the defendant or the plaintiff had breached said contract.

The facts in the case of Ry. Co. v. Woldert, 162 S. W. 1174, are analogous to the facts in the instant case, except as to the amounts involved, and we refer to that case for a full discussion of the doctrine of injunction to prevent a multiplicity of suits.

There is no force in appellant's allegation that the justice of the peace is not a lawyer and it "could not hope for any consideration or determination of its legal rights in the trial of said suits in said justice court than such as the prejudices and whims of said jury might dictate." True, justices of the peace are not presumed to be lawyers, but they are usually chosen by their neighbors on account of their upright character and innate sense of right. There does not appear to be any doubtful question of law involved in said suits, but only questions of fact. Juries in all of our courts are made by law the exclusive judges of the credibility of the witnesses and of the facts proven. The law provides for a method of obtaining impartial jurors in justices' courts, and there is no reason to suppose that juries in such courts, any more than in any other court, will be controlled by their "prejudices and whims." Even if the presumption could be indulged that courts will render erroneous judgments, this would not be a ground for injunction to prevent such trials. "District courts will not grant injunctions to correct errors of inferior courts, even where no appeal is allowed" (Ry. Co. v. Dowe, 70 Tex. 4, 6 S. W. 793), and certainly they should not grant injunction to prevent anticipated error where there are no grounds for such anticipation.

Appellant alleges as a ground for injunction that it cannot avail itself of the right to have all of the cases pending in the justice's court consolidated, and that neither of such cases involves an amount sufficient to allow an appeal to the county court, and consequently he could not appeal either of said cases to the Court of Civil Appeals. This was one of the grounds upon which injunction was granted in Ry. Co. v. Dowe, 70 Tex. 11, 7 S. W. 371. In the Dowe Case the suits had not been brought. The court said:

"The rule is that, if in the tribunal which has jurisdiction of the demands, there can be a consolidation, then it is the duty of the party to resort to this remedy, and equity will not interfere. In such a case there is a remedy at law. * * * In order, it would seem, to prevent even a partial consolidation, * * * the defendant had determined to bring a separate suit to each successive term of the court."

In the instant case all of the suits have been filed, and though they cannot all be consolidated into one suit, as such suit would then be for an amount in excess of $200, they could all be consolidated into two suits, each of which would be in excess of $100, and each of which could be appealed to the county court and to the Court of Civil Appeals. Thus there would be avoided a multi-

plicity of suits, and appellant would secure its right of appeal to a court of law. It does not appear that appellant has made any effort to secure a consolidation of any of said cases.

For the reasons stated, the judgment of the trial court is affirmed.