FILED
September 28, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

ACCEPTED
03-15-00362-CV
7069629
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/23/2015 5:45:39 PM
JEFFREY D. KYLE
CLERK

No. 03-15-00362-CV

**COLETTE CUSTER**
Appellant

RECEIVED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
9/23/2015 5:45:39 PM
JEFFREY D. KYLE
Clerk

vs.

**WELLS FARGO BANK, N.A.**
Appellee

**Appeal from the County Court at Law, Number 2**
**Travis County, Texas**
**Trial Court Case No. C-1-CV-15-000426**
**Honorable Todd T. Wong, Presiding**

**BRIEF FOR APPELLANT**

> **Colette Custer**
> **c/o 13276 Research Blvd., Ste.204**
> **Austin, Texas 78750**
> **Proceeding Pro Se**

i

# Identity of the Parties

**Appellant**
COLLETTE CUSTER
20433 Rita Blanca Circle
Pflugerville, Texas 78660

Proceeding Pro Se


**Appellee**

WELLS FARGO BANK, N.A.

Counsel for Appellee

Suzanne Louise Suarez
14841 Dallas Parkway, Suite 425
Dallas, TX 75254
(214) 550-4046

# Table of Contents

Identity of the Parties.................................................................ii

Table of Contents....................................................................iii

Table of Authorities.................................................................v

Statement of the Case...............................................................1

Jurisdictional Statement...........................................................2

Issues Presented......................................................................3

1. Whether the two-year limitations period of Texas Civil Practice and Remedies Code §16.003 bars Appellee's Forcible Detainer suit for possession of the property?

2. When did the action accrue?

3. Whether it is in harmony with the Texas Constitution and statutory law for a court to rule that, in practice, there is no statute of limitations conveyed by Texas Civil Practice and Remedies Code §16.003, because the statute of limitations begins anew each and every time a notice to vacate is sent to the same forcible detainer at the same address for the same cause but with a new date on the notice to vacate?

Statement of Facts..................................................................3

Summary of the Argument.......................................................5

Argument..............................................................................7

    Single Action Rule.........................................................7

    Res Judicata.................................................................8

    Forcible Detainer versus Tenant at Sufferance or Tenant in Arrears......10

        1st Instance..............................................................10

2nd Instance...........................................................................11

State of Repose.........................................................................13

Conclusion.................................................................................15

Certificate of Compliance.........................................................18

Certificate of Service...............................................................18

Appendix...................................................................................19

## Table of Authorities

**Cases**

*Caldwell v. Barnes*, 975 S.W.2d 535 (Tex.1998)...................................13

*Doe v. Catholic Diocese of El Paso*, 362 S.W.3d 707, 716
(Tex.App.-El Paso 2011, no pet.)(same)...........................................12, 16

*Federal Home Loan Mortgage Corporation, v. Trinh Pham, Katherine
Crawford & Gary Block*, 449 S.W.3d 230,
(Tex.App.—Houston [14th Dist.] 2014).............................................8

*Galveston, h. & S.A. 647\*647 Ry. Co. v. Dowe*, 70 Tex. 5,
7 S.W. 368, 371 (1888)...............................................................7

*Gideon v. Johns-Manville Sales Corp.*, 76 1 F.2d 1129, 1136-37 (5th Cir. 1985). .6

*Johnson & Higgins of Tex.,Inc. v. Kenneco Energy, Inc.*,
962 S.W.2d 507, 514 (Tex.1998)....................................................6

*Provident Life & Accident Ins. Co.v Knott*, 128 S.W.3d 211, 221 (Tex.2003)......5

*Puentes v. Fannie Mae*, 350 S.W.3d 732 (Tex.App.—Corpus Christi, 2010)...8

*Murphy v. Campbell*, 964 S.W.2d 265, 273 (Tex.1997).............................5

*Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex.1990).............16

*Provident Life & Accident Ins. Co.v Knott*, 128 S.W.3d 211, 221 (Tex.2003)......6

*Pustejovsky v. Rapid-American Corp.*, 35 S.W.3d 643, 646 (Tex. 2000)........... 7

*Rogers v. Ricane Enterprises, Inc.*, 772 S.W.2d 76, 80 (Tex.1989)...............13

*S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex.1996).......................................12, 16

*Via Net v. TIG Ins. Co.*, 211 S.W.3d 310,313 (Tex.2006)..........................6

*Villarreal v. Wells Fargo Brokerage Servs.*, 315 S.W.3d 109,
(Tex.App.—Houston [1st Dist]. 2010)...............................................6

*Zale Corp. v. Rosenbam,* 520 S.W.2d 889, 891 (Tex. 1975)..........................6

**Texas Rules of Civil Procedure**

Texas Civil Practice & Remedies Code §16.003...............................2, 12

Texas Property Code Chapter 24.............................................................2

**Texas Constitution**

Texas Constitution, Art. 1, Sec. 3..........................................................2, 13

Texas Constiution, Art. 1. Sec. 3a.........................................................2, 13

Texas Constitution, Art. 1, Sec. 9.........................................................2, 13

Texas Constitution, Art. 5................................................................2

## STATEMENT OF THE CASE

This appeal stems from a forcible detainer case which was heard *de novo* in Travis County Court at Law #2 on June 1, 2015.

Appellant signed a Note with Wells Fargo on December 20, 2005. At some point, Appellant anticipated a reduction in salary, and began negotiations to modify her payments. When she began negotiations, she had over $50,000 in the bank, she just wanted a reduction in the amount of monthly mortgage payment.

An advisor or several advisors at Wells Fargo told her to stop paying her current mortgage in anticipation of a modification. This is standard operating practice in bad faith which was done by the mortgage companies. True to form, Wells Fargo, instead of modification, began foreclosure and did in fact foreclose. Appellant hired an attorney, as she believed and she was told, that Wells Fargo was acting in bad faith. Eventually, her entire savings and an additional inheritance were drained by the lawsuit.

This led to four suits by Wells Fargo for forcible detainer over a period of four years. The first of these, Cause No. 63648, in Travis County Justice Court precinct 2, was dismissed for want of prosecution on December 28, 2011.[1]

Then came Cause No. J2-CV-13-070204, which resulted in a default judgment for Wells Fargo, although an agent for defendant was present, and then

---

[1] Reporter's Record, Volume 3, Defendant's Exhibit 3

1

the justice clerk did not honor Appellant's bond and the house was illegally posted. Appellant filed bankruptcy as that was her only recourse.

The next was Cause No. J2-CV-14-074997, In the Justice Court, Travis County, Travis County, Texas, which was Non-suited on September 18, 2014[2].

The next suit was Cause No. J2-CV-14-075659[3], which Judge Elena Diaz dismissed, as being barred by expiration of statute of limitations.[4]

Well Fargo appealed the order of Judge Diaz[5] which resulted in Cause No. C-1-CV-15-000426, in the Travis County Court at Law, #2, in which Judge Wong issued an order in favor of Wells Fargo.

It is from Judge Wong's order that Appellant appeals.

## JURISDICTIONAL STATEMENT

This Court has jurisdiction of this appeal because Appellant appeals a final judgment from the Travis County Court at Law #2. Texas Civil Practice & Remedies Code §16.003, Texas Property Code, Chapter 24, Texas Constitution, Art. 1, Sec. 3, 3a and 9, and Art. 5.

---

[2] Reporter's Record, Volume 3, Defendant's Exhibit 9
[3] Reporter's Record Defendants' Exhibit 10
[4] Order, Clerk's Record page 16
[5] Notice of Appeal, CR page 14

## ISSUES PRESENTED

1. Whether the two-year limitations period of Texas Civil Practice and Remedies Code §16.003 bars Appellee's Forcible Detainer suit for possession of the property.

2. When did the action accrue?

3. Whether it is in harmony with the Texas Constitution and statutory law for a court to rule that, in practice, there is no statute of limitations conveyed by Texas Civil Practice and Remedies Code §16.003, because the statute of limitations begins anew each and every time a notice to vacate is sent to the same forcible detainer at the same address for the same cause but with a new date on the notice to vacate.

## STATEMENT OF FACTS

On October 4, 2011, Wells Fargo Bank, N.A., as Grantor foreclosed on Appellant's property on Rita Blanca.

On October 12, 2011, Brice, Vander Linden & Wernick, P.C., sent a certified "Demand to Vacate Premises" letter, followed by a suit for forcible detainer, *Wells Fargo Bank, N.A., v. Colette M. Custer, Shane G. Streeman and all other occupants*, Cause No. 63648, in the Justice Court, Precinct Two, Travis

3

County, Texas. This suit was dismissed on December 28, 2011, for want of prosecution.

On May 22, 2013, a suit for forcible detainer was filed in the Justice of the Peace Court, Precinct 2-1, Travis County, Texas, Cause No. J2-CV-13-070204, *Wells Fargo Bank, N.A. v. Colette M. Custer, Shane G. Streetman and all other Occupants of 20433 Rita Blanca Circle, Plugerville, TX 78660.*

Attached as evidence in the case was a certified letter dated May 7, 2013, entitled "Demand to Vacate Premises", and referencing the foreclosure sale on October 4, 2011. Appellant did not personally appear on June 4, 2013, she was represented by an agent, yet, Judge Glenn Bass signed a Default Judgment in favor of Wells Fargo. The bond of $1700 was posted by way of Appellant's Affidavit of Inability to pay, on June 7, 2013. However, Precinct 2 issued a Notice to Vacate on June, 26, 2013.[6] Appellant filed bankruptcy to stop the illegal seizure and overcome the gross error of the justice court and the suit died of its own volition.

On July 2, 2014, Buckley Madole, P.C., sent a certified "Demand to Vacate Premises" letter which referenced the October 4, 2011 foreclosure.

On August 4, 2014, a suit for forcible detainer was filed in Justice of the Peace Court, Precinct 2-1, Travis County, Texas, Cause No. J2-CV-14-074997, *Wells Fargo Bank, N.A. v. Colette M. Custer, Shane G. Streetman and all other*

---

[6] Reporter's Record, Volume 3, Defendant's Exhibit 6

4

*Occupants of 230433 Rita Blanca Circle, Pflugerville, TX 78660.* Attached as evidence was a Certified letter from Buckley Madole, entitled "Demand to Vacate Premises", which referenced the foreclosure sale of October 4, 2011. Hearing for this suit was set for August 19, 2014. Judge Elena Diaz issued an Order for Continuance on August 26, 2014, and reset the hearing for September 18, 2014.

Wells Fargo did not appear at the September 18, 2014 hearing, and Judge Diaz granted an Order Granting Plaintiff's Oral Motion for Nonsuit.

On August 6, 2014, another forcible detainer suit was filed. This FED, Cause No. J2-CV-14-074997, in the Justice of the Peace Court, Precinct 2-1, Travis County, Texas, *Wells Fargo Bank, N.A. v. Colette M. Custer, Shane G. Streetman and all other Occupants of 20433 Rita Blanca Circle, Pflugerville, TX 78660.* Attached as evidence to the suit was a certified letter dated July 2, 2014 from Buckley Madole entitled "Demand to Vacate Premises", referring to the foreclosure sale conducted on October 4, 2011.

This Order was appealed to County Court, Cause No. C-1-CV-15-000426, Judge Wong presiding who ruled in favor of Wells Fargo and is the Order which is appealed before this Court.

## SUMMARY OF THE ARGUMENT

5

An Order Dismissing Plaintiff's Case as Barred by Expiration of Statute of Limitations was signed on December 8, 2014 by Judge Elena Diaz.

"A defendant moving for summary judgment on the affirmative defense of limitations must conclusively establish the date on which the limitations commenced; that is, the date on which the cause of action accrued. *See Pustejovsky v. Rapid-American Corp.*, 35 S.W.3d 643, 646 (Tex. 2000); *Zale Corp. v. Rosenbam*, 520 S.W.2d 889, 891 (Tex. 1975). The determination of this date is typically a question of law." *Provident Life & Accident Ins. Co.v Knott*, 128 S.W.3d 211, 221 (Tex.2003).

As a general rule, a cause of action accrues, and the statute of limitations begins to run, when facts come into existence that authorize a party to seek a judicial remedy. *Id.* (citing *Johnson & Higgins of Tex.,Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514 (Tex.1998)). In most cases, claims accrue "when a wrongful act causes some legal injury." *Via Net v. TIG Ins. Co.*, 211 S.W.3d 310,313 (Tex.2006). *Villarreal v. Wells Fargo Brokerage Servs.*, 315 S.W.3d 109, (Tex.App.—Houston [1st Dist]. 2010).

When Brice, Vander Linden & Wernick, P.C., acting for Wells Fargo Bank, N.A. sent its letter on October 12, 2011[7] entitled "Demand to Vacate the

---

[7] Reporter's Record, Volume 3, Defendant's Exhibit 11

Premises", it triggered the running of the two year statute of limitations no later than October 16, 2011.

## ARGUMENT

## Single Action Rule

In *Pustejovsky v. Rapid-American Corp. v. Pustejovsky*, 35 S.W.3d 643, (Tex.2000), the single action rule is discussed:

"The case raises the question whether a plaintiff may bring separate actions for separate latent occupational diseases caused by exposure to asbestos. Specifically, we must decide whether the single action rule or the statute of limitations bars Henry Pustejovsky, who settle an asbestosis suit with one defendant in 1982, from bringing suit against different defendants twelve years later for asbestos-related cancer. The court of appeals affirmed, holding that under the single action rule, Pustejovsky's cause of action for cancer accrued, and limitations began to run, when he know of the asbestosis. 980 S.W.2d 828, 833. We conclude, however, that neither the single action rule nor the statute of limitations bars Pustejovsky's later claim for asbestos-related cancer. "

"The single action rule, also known as the rule against splitting claims, provides a plaintiff one indivisible cause of action for all damages arising from a defendant's single breach of a legal duty. *See Gideon v. Johns-Manville Sales Corp.*, 76 1 F.2d 1129, 1136-37 (5th Cir. 1985). Our jurisprudence "was designed to prevent more than one suit growing out of the same subject-matter of litigation; and our decisions from the first have steadily fostered this policy." *Galveston, h. & S.A. 647\*647 Ry. Co. v. Dowe*, 70 Tex. 5, 7 S.W. 368, 371 (1888).

"The single action rule, like limitations and res judicata, serves the purpose of giving defendants a point of repose. However, a defendant is in no different position with respect to an asbestosis plaintiff who may develop mesothelioma in the future than with an individual who contracts mesothelioma without ever suffering asbestosis. And the defendant's need for repose must be balanced against the plaintiff's need of an opportunity to seek redress for the gravest injuries, those culmination in wrongful death."

7

If a suit involves the same issue, the same property, and the same date of foreclosure sale, the court cannot construe a new set of circumstances exists because a more current notice to vacate is issued. It is obvious the accrual of action began when the first notice to vacate issued and the tenant at sufferance refused to vacate the property. It is at that point in time when the tenant at sufferance takes on the legal status of forcible detainer. Unless there is an agreement or some other written concession, the forcible detainer maintains that legal status until he is dispossessed, his dispossession is barred by limitations, or he reaches a state of repose. In this case, there is no new owner who issued a notice to vacate, it is the same Wells Fargo, N.A., whose action accrued three days after October 12, 2011, and who filed 4 separate FED actions and the exact same issues and causes of action. The only thing that changed from law suit to law suit over a period of four years, was the date on the each Notice to Vacate letter.

When Brice, Vander Linden & Wernick, P.C., acting for Wells Fargo Bank, N.A. sent its letter on October 12, 2011 entitled "Demand to Vacate the Premises", it triggered the running the of statute of limitations no later than October 16, 2011.

### Res Judicata

In its brief at county court, Wells Fargo used as its basis, *Puentes v. Fannie Mae*, 350 S.W.3d 732 (Tex.App.—Corpus Christi, 2010) and *Federal Home Loan Mortgage Corporation, v. Trinh Pham, Katherine Crawford & Gary Block*, 449

S.W.3d 230, (Tex.App.—Houston [14th Dist.] 2014), which are cases that assert claims of res judicata. The statute of limitations was not pled in these cases and the cases are irrelevant to the case before this court.

Appellee in its petition for forcible detainer at paragraph 19[8] states: "For purpose of application of statutes of limitation, cause of action can generally be said to "accrue" when wrongful act effects injury, regardless of when plaintiff learned of injury." Appellant, the statutes and case opinion agree with the accrual of action which was 3 days after Appellant received her 3 day notice to vacate, which was dated October, 12, 2011.

What *Puentes* and *Crawford* state is that res judicata does not apply in cases in the justice court. In other words, one can sue the same party as many times as one wishes, always attempting to receive a favorable order.

There was no "continuous tort" and the inference fails under its own weight. The legal status of the forcible detainer does not change once a foreclosure sale occurs and subsequent to the forcible detainer action, a 3 day notice to vacate issues. The forcible detainer's legal status does not change because a new notice to vacate issues. It remains the same from the first time he is served with a notice to vacate and refused, thus becoming a forcible detainer, and the trigger which accrues the action.

---

[8] Clerk's Record page 40

9

In the instant case, Wells Fargo foreclosed on October 4, 2011[9]. On October 12, 2011, Brice, Vander Linden & Wernick, P.C., sent a certified letter to Colette M. Custer, on behalf of its client, Wells Fargo Bank, N.A., entitled "Demand to Vacate Premises". When Appellant refused to vacate the premises, she became a forcible detainer and her legal status has remained consistently the same since that time.

When presented with another "Demand to Vacate Premises", which was mailed on July 2, 2014, her legal status and position had not changed. The July 2, 2014 letter is strikingly similar to the 2011 letter.

### Forcible Detainer versus Tenant at Sufferance or Tenant in Arrears

There is a marked difference between a landlord – tenant suit for eviction and a landlord – forcible detainer suit for eviction. The differences are:

### 1st Instance

A tenant who is renting or leasing a property has an obligation to pay rent and comply with the terms of the lease. When this tenant fails to comply, the landlord gives a 3 day notice to vacate before he files a suit for eviction suit in the justice court of jurisdiction where the property is located.

The tenant has the option, before judgment, to comply with the delinquent terms of the lease, i.e., if the tenant is behind in rent and pays the delinquent

---

[9] Clerk's Record Pages 262-264

10

amount to the landlord before the landlord obtains an order to evict, (Writ of Possession), the tenant is restored to his legal capacity and can remain in the property.

The landlord can file for forcible entry and detainer (FED), as often as the tenant is not compliant. This is the reason that there is no res judicata in justice cases. The legislature has not put a finite number on the times a landlord can sue the same tenant.

## 2nd Instance

There are two rights involved with property ownership. One is right to title and one is right to possession.

A former homeowner who has lost his right to title of the property through foreclosure has a different standing than he did when he held the right to title. This person became a tenant at will or sufferance, when the lien on his property was foreclosed. He no longer holds title to the property and is a tenant at sufferance. Once the former owner of the property is served with a 3 day notice to vacate and refuses to leave the property, he becomes a forcible detainer. He does not have the option to pay back rent or to negotiate for better terms. He has lost his right to the property title in its entirety. He is now a forcible detainer and retains only the right to possession, which must be legally wrested from him. His status

11

does not change unless there is an agreement between the new owner or the two parties have come to an agreement concerning the occupancy of the property.

Once the demand to vacate the property within 3 days is made and the tenant at sufferance refuses to vacate, and the tenant becomes a forcible detainer, the new title holder of the property has 2 years from the date the former tenant becomes a forcible detainer to oust the forcible detainer. Texas Civil Practice & Remedies Code §16.003. This limitation has been a Texas Statute since the beginning of the written law in Texas.

It is folly to believe that in the case of a forcible detainer, a letter to vacate with a newer date changes the status or the circumstances of the action. That theory obviously applies in the 1st Instance, but cannot be used in the 2nd Instance. The forcible detainer status did not begin anew with the arrival of a newly dated demand to vacate. His status is exactly what it was once he received the first notice to vacate, that of a forcible detainer. Ergo, to find that the receipt of a letter reflecting a newer, later date somehow switched the forcible detainer to a tenant at sufferance and upon opening the letter, he is magically transformed into a forcible detainer anew is nonsensical.

In point of fact, given the plethora of mortgage company foreclosures and the resulting evictions based on the foreclosure, it would behoove the Texas Supreme Court to promulgate a rule which considers an eviction in a mortgage

12

company/forcible detainer case as final. Then, there would be no question about res judicata or accrual of action in these instances. To treat the landlord/tenant relationship the same as a mortgage company/forcible detainer case only leads to confusion and ambiguity.

## Laches

Appellant asserts that the 4th Forcible Detainer suit was barred by laches. Appellant asserts that Wells Fargo exercised unreasonable delay in asserting its legal or equitable rights, and Appellant, in good faith, relied on the 2 year statute of limitations and the October 16, 2011 accrual of action and made determinations, such as improvements and repairs, based on the change of position which occurred after the two years. *Rogers v. Ricane Enterprises, Inc.*, 772 S.W.2d 76, 80 (Tex.1989); *Caldwell v. Barnes*, 975 S.W.2d 535 (Tex.1998).

## State of Repose

The current opinions in this court have left former home owners prey to continual, never ending litigation where forcible detainers suits are at issue.

There is no question that the continual litigation could be construed to be a violation of one's rights under Art. 1, Sec. 3, 3a and Sec. 9 of the Texas Constitution. To allow a forcible detainer action to continue three years, four years or more after the foreclosure sale and first notice to vacate is a travesty of the law that should not be allowed.

13

What this court has said is: Take as many shots as you want for as long as you need, until the defendant gets worn out or worn down, or the courts uphold your actions. And what mortgage company, knowing of the court's decisions, would ever pass up the opportunity to simply redate the notice to vacate and reset the clock? Certainly not Wells Fargo!

This is an intolerable abuse of the court's discretion. The court has an obligation to determine when an action accrued, and it shouldn't be a matter of discretion to determine the date, it should be a matter of law. When did the action begin which would allow a party to seek a legal remedy?

According to case opinion, an action accrues once a wrongful act causes some legal injury and the injured party has the right to sue. In the instant case, the court cannot determine that the discovery rule applies or that the once the notice is sent, the statute of limitations tolls. There can be no doubt that the action accrues shortly after the notice to vacate is sent. The mortgage company, after all, foreclosed on the property and is well aware it must send the notice to vacate before it can sue for forcible detainer. There is nothing to discover.

To opine that every single letter that is sent begins the accrual of action over again is counter intuitive to the law. There would never be a state of repose for the one who is continually being sued.

The only justification the courts could cite would be, a new action has begun. That would be in contradiction to the law. Again, it is the same action, the same cause, the same foreclosure date, and the same plaintiff and defendant. How can the courts justify this kind of reasoning? From Appellant's perspective, only by applying unequal protection of the law, a violation of the Texas Constitution and Appellant's inviolate right to equal protection and open and fair courts.

Appellant asserts that by ruling that every new notice to vacate sent is a new cause of action, the court is violating the spirit of the law and the rights embodied in the Bill of Rights of the Texas Constitution.

Four exact same suits, having the same cause of action and naming the same parties each and every time is harassment and legal abuse.

Had Appellant sued this many times on the same issue with the same adverse results, he would be labeled a vexatious litigant even though the suits are all in justice court.

By ruling as this court has ruled, to allow a mortgage company innumerable suits over a period of four years, to continually bring suit for the same issue from the same starting point, is the very definition of legal abuse.

## CONCLUSION

Colette Custer's home was sold at foreclosure sale on October 4, 2011. That is a fact. At that point, she became a tenant at sufferance. Wells Fargo did not

suffer her for any length of time, as Wells Fargo issued a Demand to Vacate Premises letter on October 12, 2011. When Appellant received the demand and determined not to cede possession of the property, she became a forcible detainer. On October 16, 2011, the action accrued, and Wells Fargo could seek redress in the courts.

A cause of action generally accrues at the time when facts come into existence authorizing a claimant to seek a judicial remedy. *Murray v. San Jacinto Agency, Inc.,* 800 S.W.2d 826, 828 (Tex.1990). In Texas, a Plaintiff's cause of action accrues, and the applicable limitations period starts to run, "when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred." *S.V. v. R.V.,* 933 S.W.2d 1, 4 (Tex.1996). *See also Doe v. Catholic Diocese of El Paso,* 362 S.W.3d 707, 716 (Tex.App.-El Paso 2011, no pet.)(same).

On October 16, 2011, Appellant became a forcible detainer, and that wrongful act caused a legal injury upon which Wells Fargo was authorized to seek a judicial remedy.

A party seeking possession of a property, files a suit for forcible detainer, which is an eviction suit, which is what Wells Fargo did in November of 2011.

The process is designed to be speedy and efficient. It not meant to be delayed for a process of years.

During a 4 year period, Wells Fargo filed four eviction suits against the forcible detainer. Not once during the four years did Appellant's status change. She remained, from October 16, 2011 till now, a forcible detainer. Because she had been issued a demand to vacate, it was not necessary to send a second or third or fourth demand. The facts had not changed. She was in the same legal status in 2014 as she was on October 16, 2011.

Wells Fargo is or should be aware of the limitation statutes. It knew or should have known that it had two years to legally obtain possession from Appellant, yet, on several of the trials, it didn't appear, or non-suited. No one could attribute due diligence to those actions. Finally, after its 4th suit and trial, the judge, who carefully studied and understood the law of forcible detainer ruled that Wells Fargo was barred by expiration of statute of limitations. Further, Appellant asserts the 4th suit was barred by laches.

Judge Elea Diaz's opinion is the correct one, and Appellant asks this court to uphold the long, proud history of Texas law and rule in Appellant's favor.

Respectfully submitted,

Collette Custer
20433 Rita Blanca Circle
Pflugerville, Texas 78660

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document is typed in Times New Roman 14 point

type and contains 3,938 words.

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of Appellant's Brief was sent by U. S. Postal Service on September 22, 2015 to:

Suzanne Suarez
P. O. Box 2869
Addison, Texas 75001

# APPENDIX

Judgment from Judge Todd T. Wong

June 1, 2015

No. C-1-CV-15-000426

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A. <br> Plaintiff | § <br> § <br> § <br> § | IN THE COUNTY COURT |
| v. <br> COLETTE M CUSTER, SHANE G <br> STREETMAN AND ALL OTHER <br> OCCUPANTS OF 20433 RITA BLANCA <br> CIRCLE, PFLUGERVILLE, TX 78660 <br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | AT LAW NO. ONE |
| | § <br> § | TRAVIS COUNTY, TEXAS |

## JUDGMENT

This cause came on for consideration before this Court. The Court, after examining the verified pleadings on file in this Court, is of the opinion and finds that:

- Plaintiff, the current titleholder pursuant to a Special Warranty Deed delivered to it by Wells Fargo Bank, N.A., the purchaser of at the non-judicial foreclosure sale on 10/04/2011;

- The Deed of Trust authorizing the sale provides that upon occurrence of a non-judicial foreclosure sale, Defendant is to surrender possession of the Property to the purchaser at that sale, or be deemed a tenant at sufferance and may be removed by a writ of possession.

- Defendant is currently in possession of the Property.

- Plaintiff has given Defendant a written notice to vacate and demand for possession. Such notice was sent at least three (3) or thirty (30) days prior to this Complaint being filed;

- Defendant has failed to vacate or surrender possession of the Property.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that:**

- COLETTE M CUSTER, SHANE G STREETMAN and all other occupants of 20433 RITA BLANCA CIRCLE, PFLUGERVILLE, TX 78660, are guilty of forcible detainer;

Plaintiff is entitled to immediate possession, the issuance of a writ of possession, attorney's fees and all costs of court.

Supersedeas Bond Amount $ _2500_ .

SIGNED this ___1st___ day of ___June___, 2015.

_____
Presiding Judge
**Todd T. Wong**